# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. FUNTANILLA, Jr., | CV F 02 6001 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR INVOLUNTARY DISMISSAL (Doc. 126.) |
| D. TRISTAN, et. al., | |
| Defendants. | |

Gregorio Funtanilla, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 10, 2005, Defendants filed a Motion for Involuntary Dismissal ("Motion"). Defendants seek a determination by the Court that Plaintiff is a "vexatious litigant" under 28 U.S.C. § 1915(g).

Plaintiff filed his Opposition to the Motion on April 19, 2005 (Doc. 132.) Defendants filed a Reply to Plaintiff's Opposition on May 5, 2004. (Doc. 135.)

**A. VEXATIOUS LITIGANT OR THREE STRIKES?**

The Court has reviewed Defendant's Motion for Involuntary Dismissal and finds that Defendants mistakenly use the term "vexatious litigant" to refer to a Plaintiff who has been deemed ineligible to proceed in forma pauperis ("IFP") under Section 1915(g). In federal court, a Plaintiff declared vexatious is distinct from being deemed ineligible to proceed in forma

1

pauperis under Section 1915(g).

A District Court is empowered to enjoin litigants who have abusive histories of litigation or who file frivolous lawsuits from continuing to do so.  See 28 U.S.C. § 1651(a).  Section 1651 states that "[t]he Supreme Court and all courts established by Act of Congress may issue writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "'A District Court not only may, but should, protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'"  Safir v. United States Lines, Inc.,729 F.2d 19, 24 (2nd Cir. 1986), *quoting* Abdullah v. Gatton, 773 F.2d 487, 488 (2nd Cir. 1985).  Federal courts possess the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  Delong v. Hennesey, 912 F.2d 1144, 1147 (9th Cir. 1990).  Enjoining litigants from filing new actions under 28 U.S.C. § 1651(a) is one such restriction that the District Court may take.  DeLong, 912 F.2d at 1147.  A Defendant who has been enjoined under § 1651 from filing new actions is deemed a "vexatious litigant" for federal purposes.

A prisoner having filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim is often referred to as having "three strikes" against him/her.  Section 1915(g) of Title 28, which governs proceedings in forma pauperis, provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.§ 1915(g).

The Ninth Circuit, in Andrews v. King, 398 F.3d 1113 (2005), held that the Defendant bears the burden of producing sufficient documentary evidence that will allow the court to conclude that a plaintiff has filed at least three prior actions that were dismissed as frivolous, malicious or faile[ed] to state a claim.  Andrews v. King, 398 F.3d 1113, 1120 (2005).  Once the Defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court

that § 1915(g) does not apply. Id.

In this case, Defendant's Motion is based on Section 1915(g) and references only Plaintiff's in forma pauperis status. Accordingly, this Court's analysis will concern Plaintiff's three-strike status under Section 1915(g) only.

**B. MOTION FOR INVOLUNTARY DISMISSAL**

As noted above, Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Defendant's provide the following cases in support of the Motion.[1]

**1. Funtanilla v. Ninevela, et. al, CV F 98-6365 AWI SMS P**

This civil rights action was filed by Plaintiff on November 23, 1998. On July 10, 2000, Defendants moved to dismiss the suit on for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court issued Findings and Recommendations that the Motion be granted on December 4, 2000. (Exh. B, Motion to Revoke IFP.) The Court found that the Complaint indeed failed to state any claims for relief and recommended that the action be dismissed in its entirety. Id. The District Court adopted the Findings and Recommendations and dismissed the case on March 14, 2001. Judgment was entered on March 15, 2001.[2]

**2. Funtanilla v. Schneider, et. al., CV F 92-1975 DFL GGH P**

This action was filed by Plaintiff on November 3, 1992. (Exh. C, Motion.) On April 7,

---

[1] Defendants also provided documentation that Plaintiff is considered a Vexatious Litigant in the California Court System. (Exh. A, Motion). However, the Court does not consider this piece of evidence as Section 1915(g) is a federal statute. In addition, as discussed above, the term "vexatious litigant" differs from a request for a determination of three-strikes under 28 U.S.C. § 1915(g). It is unclear whether the state court's use of the term "vexatious" would be consistent with the term "vexatious" as used in the federal courts. Finally, as the Court is resolving this Motion pursuant to Section 1915(g) which concerns a plaintiff's IFP status and filings in the *U.S. District Courts*, his vexatiousness in the state system is immaterial.

[2] District Court Judge Ishii and Magistrate Judge Best also relied on this case in determining that it constituted one of three strikes that precluded Plaintiff from proceeding in forma pauperis. See, Funtanilla v. Luks, CV F 98-5770 AWI HGB P, affirmed on appeal in Funtanilla v. Downs, 2005 WL 1127059 (9th Cir. Cal.).

1997, the Court issued an Order to Show Cause why the case should not be dismissed pursuant to the Court's inherent authority and Rule 11 of the Federal Rules of Civil Procedure. Id. On September 12, 1997, the Court dismissed the action pursuant to Rule 11 and the Court's inherent authority. The Court found that Plaintiff had made at least four substantial and serious misrepresentations to the court during the hearing on Plaintiff's motion for injunctive relief. The Court concluded that these misrepresentations constituted bad faith, was a serious abuse of the Court's process and that Plaintiff acted with *malevolent motive* in his accusations against one of the defendants. (Exh. C at 14, Motion)

### 3. Funtanilla v. Jones, et. al., CV F 95 5632 OSS HGB P

In Jones, the Court revoked Plaintiff's in forma pauperis status because Plaintiff had made misrepresentations for an improper purpose by submitting false and forged inmate trust account documents to obtain IFP status. (Exh. D, Motion.) Based on Plaintiff's misconduct, the Court recommended that the action be dismissed. Id. However, in lieu of the dismissal, the District Court ordered Plaintiff to pay a $200.00 fine and further ordered that the failure to pay would result in dismissal. Id. Plaintiff failed to pay the fee and thus, the Court dismissed the action. Id.

### 4. Funtanilla v. Tieman, CV F 92-1017 LKK JFM P

In this case, the Court issued Findings and Recommendations on August 21, 1992, that the action be dismissed as frivolous. (Exh. E, Motion.) The Court found that Plaintiff, alleging that a "legal date book" had been wrongly confiscated thereby denying him access to the courts, was frivolous because the "legal date book" contained contraband which Plaintiff attempted to shield from prison officials by keeping the items in a book that would be protected. The Court adopted the recommendation on October 8, 1992, and dismissed the case as frivolous.

### 5. Funtanilla v. Ramos, CV F 03-1533 WBS CMK P

In Ramos, the Court issued Findings and Recommendations to revoke Plaintiff's IFP status and dismiss the case for Plaintiff's having three or more strikes under Section 1915(g). (Exh. F, Motion.) The Court concluded that under its analysis, Plaintiff had at least four strikes

that would preclude him from proceeding IFP.[3]

**C. ANALYSIS**

Again, in order to preclude a Plaintiff from proceeding in forma pauperis, he must have filed three or more actions that were dismissed as *frivolous*, *malicious*, or for *failing to state a claim* upon which relief may be granted. 28 U.S.C. § 1915(g) (emphasis added.)

Defendant has provided the Court with at least four cases Defendants believe constitutes strikes. Plaintiff has opposed the Motion on the grounds that the Motion is really just a Motion for reconsideration with no new . However, the Court disagrees.

According to the Court docket, the first Motion for Involuntary dismissal was denied because Defendants did not provide sufficient evidence to support the Motion. Specifically, Defendant provided only a copy of the docket for some of the cases it relied on. The Court found this evidence insufficient to allow it to determine the basis for the dismissal and ultimately, the request for involuntary dismissal was denied. Thus, Defendants submission of a second Motion is not request for reconsideration but a renewed Motion.

Plaintiff argues further in his Opposition that the Court's prior determination that Jones and Schneider did not constitute strikes should stand.

The Court takes judicial notice[4] of Funtanilla v. Kelly, et. al., CV F 99-2521 DFL GGH P, a case stemming from the Sacramento Division of our District. In Kelly, Judge Hollows found that both Funtanilla v. Schneider, et. al,. CV F 92-1975 GGH and Funtanilla v. Jones et. al., CV F 95-5632 OWW HGB P, on which the Defendants in this case rely, constituted strikes. Although the cases were dismissed pursuant to Rule 11, the Court concluded that dismissals for abuse of the process could be considered strikes under Section 1915(g). See, Funtanilla v. Kelly,

---

[3]The Court found Funtanilla v. Ninevella, CV F 98-6365 AWI SMS P; Funtanilla v. Tieman, CV F 92-1017 LKK JFM P; Funtanilla v. Schneider, CV F 92-1975 DFL GGH P; Funtanilla v. Jones, CV F 95-5632 OSS HGB P; and Funtanilla v. Duke, 96-4236 TEH, constituted strikes under Section 1915(g). (Exh. F, Motion.)

[4]The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980).

et. al., CV F 99-2521 DFL GGH P, *citing* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). While this Court finds Judge Hollows reasoning persuasive, at the time Judge Hollows issued his decision, he did not have the benefit of the Ninth Circuit's guidance on the issue.

In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the Ninth Circuit looked to the "ordinary, contemporary, [and] common meaning" of the term "malicious" and "frivolous." Andrews v. King, 398 F.3d 1113 (9th Cir. 2005). The Court concluded that a case is "malicious" if it was "filed with the intention or desire to harm another." Id. at 1122. Undoubtedly, Plaintiff's repeated misrepresentations that were made with "malevolent motive" and against one of the defendants in Schneider[5] along with his false and forged presentation of inmate trust account statements in Jones are evidence that Plaintiff abused the legal process such that it subjected him to sanctions under Rule 11. However, it is arguable that these actions could rise to the level of an action "filed with the 'intention or desire to harm another.'" Andrews, 398 F.3d at 1121. Accordingly, the Court concludes that these dismissals do not constitute strikes within the meaning of Section 1915(g).

Defendants contend that Funtanilla v. Ninevella, CV F 98-6365 AWI SMS P, is a strike under Section 1915(g). According to the Findings and Recommendations issued on December 4, 2000, and subsequent Order adopting, the case was dismissed for failing to state a claim for relief under Rule 12(b)(6). (Exh. B, Motion.) Accordingly, Ninvella clearly constitutes a strike within the meaning of Section 1915(g).

Defendants reliance on Funtanilla v. Tieman, 92 1017 LKK JFM P is also well founded. In Tieman, the Court held that Plaintiff's initiation of a case against the CDC for confiscation of materials which turned out to be prohibited by prison regulations was "frivolous" within the meaning of Section 1915(g) and dismissed the Case. (Exh. E, Motion.) Accordingly, Tieman too constitutes a strike under Section 1915(g).

Defendants also refer the Court to its prior Motion wherein they cited Funtanilla v.

---

[5]The misrepresentations made to the Court by Plaintiff, including those against Defendant Tweed, concerned an assertion that the was being denied access to the Court's by CDC officials which was not a claim raised in the action itself. The Complaint alleged an Eighth Amendment medical and excessive force claims. See, Funtanilla v. Schneider, et. al., CV F 92-1975 DFL GGH P.

6

Duke-Bray, et.al., CV F 98-3779 THE, as a strike.[6]  In Duke-Bray, the Defendants filed a Motion to Dismiss under Rule 12(b)(1) and (6) which was granted by the Court.  The Order of Judgment shown on the court docket and provided by Defendants as Exhibit A to the prior Motion for Involuntary Dismissal, clearly indicates that the dismissal was based on Plaintiff's failure to state a claim for relief.  (Exh. A at 22 [Docket Entry # 6.], Motion for Involuntary Dismissal filed October 27, 2003.)  Accordingly, Duke-Bray constitutes Plaintiff's third strike under Section 1915(g).

The Court takes judicial notice of Funtanilla v. Duke, CV F 96-4236 THE, where the Defendants filed a Motion to Dismiss based on Rule 12(b)(1) and (6).  Funtanilla v. Duke, CV F 96-4236 THE.  As only the court docket is available to the Court at this time, the Court's analysis of the case a strike is limited.  The docket discloses that subsequent to the first Motion for dismissal under Rule 12(b)(1) and (6), Defendants filed a second Motion to Dismiss.  However, the basis of this Motion is unknown.  The Motion was subsequently granted and the case dismissed but the docket again fails to indicate the basis of dismissal.  Accordingly, without more than the Court docket in this case, the Court cannot conclude that this action would constitute a strike under Section 1915(g).  See, Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) (noting that where a district court docket does not reflect the basis for dismissal, defendants must produce evidence sufficient to allow the court to conclude the case was dismissed as "frivolous, malicious or fail[ed] to state a claim.)

Finally, the Court takes judicial notice of three other federal court cases in which Plaintiff was deemed as having "three strikes" thereby precluding him from proceeding IFP.[7]

On March 19, 2002, Judges Levi and Hollows of the Sacramento Division of the Eastern District Court determined that Plaintiff was barred from proceeding IFP in Funtanilla v. Kelly,

---

[6]Motion for Involuntary dismissal filed on October 27, 2003.

[7]Judgment in two of the three cases were issued prior to Plaintiff's initiation of this action on August 16, 2002.  Findings and Recommendations in the third action were issued well before Plaintiff initiated this action, however, judgment was not issued until just days after the Complaint was filed.

7

1  et. al., CV F 99-2521 DFL GGH P.[8]

2  On July 22, 2002, in Funtanilla v. Schwenke, CV F 98-0492 LKK GGH P, the Eastern District, taking judicial notice of Kelly, again concluded that Plaintiff could not proceed in forma pauperis for having filed three or more frivolous, malicious actions or actions that failed to state a claim for relief.

Finally, on August 22, 2002,[9] in Funtanilla v. Luks, et. al., CV F 98-5770 AWI HGB P, Judges Ishii and Best held that Plaintiff had the requisite three strikes under Section 1915(g) that precluded him from proceeding IFP.[10] The case was ultimately dismissed for Plaintiff's failure to pay the filing fee. In an appeal sought by Plaintiff, the Ninth Circuit affirmed the District Court's decision finding that at the time Plaintiff sought IFP status, he *had* filed more than three actions that had been dismissed as frivolous or failure to state a claim. See, Funtanilla v. Downs, 2005 WL 1127059 at (9th Cir. Cal.).

**D. CONCLUSION AND RECOMMENDATION**

Based on the above, the Court finds that Plaintiff has suffered three or more dismissals within the meaning of Section 1915(g) of the Prison Litigation Reform Act. In addition, the Court has examined the Complaint and subsequent Amended Complaints and finds that the case presents no facts from which an inference can be drawn that Plaintiff was under any continuing or imminent danger of serious physical injury at the time the action was filed.[11] 28 U.S.C.

---

[8] The Court held that Funtanilla v. Schneider, et. al,. CV F 92-1975 GGH, Funtanilla v. Jones et. al., CV F 95-5632 OWW HGB P, and Funtanilla v. Stainer, CV F 92-5351 OWW SMS P constituted strikes within the meaning of Section 1915(g). See, Funtanilla v. Kelly, CV F 99-2521 DFL GGH P.

[9] The Findings and Recommendations were issued on February 4, 2002.

[10] The Court found that Funtanilla v. Duke, CV F 96-4236 THE, Funtanilla v. Schwenke, CV F 98-0492 LKK GGH P, and Funtanilla v. Ninevella, CV F 98-6365 AWI SMS P, constituted strikes under Section 1915(g).See, Funtanilla v. Luks, et. al., CV F 98-5770 AWI HGB P.

[11] Although in the initial complaint Plaintiff alleged he was in imminent danger, he makes no assertion in the First or Second Amended Complaints. Moreover, Plaintiff's Eighth Amendment medical claim concerns the dispensation of his seizure medication. However, according to his Complaints, he received the medication after he filed a grievance. (Second Amended Complaint at 9.) With regard to Plaintiff's deprivation of exercise claim, Plaintiff states in his complaint that Defendants deprived him of medically necessary exercise. However, he also states in the Complaint(s) that he was prescribed medication to assist with his arthritis because the "yard schedule" would not accommodate the time he needed to exercise. (Second Amended Complaint at 10.) Plaintiff's remaining claims concern the deprivation of property, access to the courts, and retaliation (prison officials allegedly interfered

§ 1915(g); <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311 (9th Cir.1997). Accordingly, the Court HEREBY RECOMMENDS:

    1.    That Plaintiff's in forma pauperis status be REVOKED;[12]

    2.    The action be DISMISSED and judgment be entered; and

    3.    That all pending Motions be DENIED as moot.[13]

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 1, 2005**                             /s/ Lawrence J. O'Neill
b9ed48                                                     UNITED STATES MAGISTRATE JUDGE

---

[12] The Court financial records indicate that as of June 30, 2005, Plaintiff has made no payment toward his filing fee for this action.

[13] Currently pending are three Motions for Summary Judgment filed by Plaintiff on November 3, 2003, September 21, 2004, and June 24, 2005, as well as a Motion to Compel. (Docs. 60, 107, 133, and 141)

(continued from previous page) with the grievance process). Based on the above, Plaintiff has not alleged facts demonstrating he was in imminent danger at the time he filed the action.