1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

### EASTERN DISTRICT OF CALIFORNIA

11
12   G.  FUNTANILLA, Jr. ,

13
                        Plaintiff,
14
            v.
15

16

17   D.  TRISTAN, et.  al.,

18                       Defendants.
_____/

CV F   02 6001 OWW LJO P

ORDER ADOPTING FINDINGS AND
RECOMMENDATION (Doc. 144.)

ORDER GRANTING MOTION FOR
INVOLUNTARY DISMISSAL (Doc. 126.)

ORDER REVOKING IN FORMA PAUPERIS
STATUS AND DISMISSING CASE

ORDER DENYING ALL PENDING MOTIONS
AS MOOT (Docs. 60, 107, 133, 141.)

19

20          G.  Funtanilla, Jr.  ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis
in this civil rights action pursuant to 42 U.S.C. § 1983.

21

22          On July 5, 2005, the Court issued Findings and Recommendations that Plaintiffs In forma

23   pauperis status be revoked and the action dismissed.  On August 9, 2005, Plaintiff moved for an

24   extension of time to file Objections to the Findings and Recommendations.  Plaintiff's request

25   was granted.  Plaintiff filed Objections to the Findings and Recommendations on September 22,

26   2005.

27          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,

28   this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file,

1

the Court finds the Report and Recommendation to be supported by the record and by proper analysis.

Section 1915(g) of Title 28, which governs proceedings in forma pauperis, provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  In this case, the record is clear that Plaintiff has suffered three or more dismissals within the meaning of Section 1915(g) prior to the initiation of this action.  Further, Plaintiff has demonstrated no threat of imminent injury qualifying him for the exception to Section 1915(g).

Circuit Courts around the country have noted the intent of Congress in promulgating the Prison Litigation Reform Act ("PLRA") with respect to the abusive prisoner tort, civil rights and conditions of confinement litigation.  Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), *overruled on other grounds by* Booth v. Churner, 121 S.Ct. 1819 (2001) (noting that the purpose of the PLRA is to deter frivolous inmate lawsuits); Ramsey v. Coughlin, 94 F.3d 71, 73 (2nd Cir. 1996) (acknowledging the "congressional purposes of reducing the state's burden of responding to frivolous actions or of deterring frivolous prisoner litigation"); Abdul-Akbar v. McKelvie, 239 F.3d 307, 331 (3rd Cir. 2001) (stating that requiring IFP prisoners to pay filing fes was calculated to create an economic deterrent); Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir. 1996) ("The fee provisions of the PLRA were designed to deter frivolous prisoner litigation in the courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.' ") (citation omitted); Hampton v. Hoobs, 106 F.3d 1281, 1286 (6th Cir. 1997 ("The legislation was aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts); In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997.)

In this case, Plaintiff has clearly demonstrated a pattern the past of abusing the privilege of proceeding in forma pauperis.  Plaintiff himself concedes in his deposition that since 1989 he

1  is filed at least fifty (50) civil lawsuits in federal court alleging civil rights violations. (Attach. to

2  Alvin Gittisriboongul at pg 12 [hereinafter "Attach."].)  Plaintiff has sought monetary damages

3  and has been known to offer dismissal of his suits in exchange for greater privileges in prison.

4  (Opposition to Motion for Extension of time to Pay filing fee at 5:23-25.)  Plaintiff has further

5  admitted to having been required to post a security deposit in the amount of $9,275.00 in state

6  court due to his vexatious filings. (Attach. at 17.)  Finally, and most notably, the Court finds

7  compelling the fact that Plaintiff was declared "three strikes" in at least two separate cases in the

8  Eastern District of California prior to the time he initiated this action on August 16, 2002.[1]

9  Plaintiff nevertheless requested permission to proceed in forma pauperis and the Court, believing

10  Plaintiff's request was made in good faith, granted the motion.  Plaintiff's failure to file

11  Objections to the Court's Recommendation demonstrates further that he will not or cannot

12  demonstrate that Section 1915(g) does not apply.  Andrews v. King, 398 F.3d 1113, 1120 (9th

13  Cir. 2005).  Accordingly, the Court revokes Plaintiff's in forma pauperis.

14        Plaintiff makes numerous assertions in his Objections.  First, Plaintiff asserts that the

15  Magistrate Judge improperly used Funtanilla v. Duke-Bray as a strike when the case was not

16  referred to by Defendants in their Motion.  Thus, Plaintiff asserts that he was precluded from

17  addressing this case in his Opposition.

18        The Findings and Recommendations clearly indicate Defendants, in their Motion refer the

19  Court to its prior motion wherein Defendants cited Funtanilla v. Duke-Bray, et.al., CV F 98-

20  3779 THE, as a strike.[2]  According to the record, this Motion for Involuntary dismissal was

21  properly served on Plaintiff and therefore, Plaintiff had sufficient notice of Defendant's reliance

22  on this case as a strike.  In any event, the Court may take judicial notice of court records. Valerio

23  v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.);

24  see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v.

25  Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980).  Given that an examination of

26

27  [1]Funtanilla v. Kelly, et. al., CV F 99-2521 DFL GGH P issued March 19, 2002, and Funtanilla v. Schwenke, CV F 98-0492 LKK GGH P, issued July 22, 2002.

28  [2]Motion for Involuntary dismissal filed on October 27, 2003.

3

1  Plaintiff's civil filings was necessary to the resolution of whether Section 1915(g) applied,

2  judicial notice of court records is proper.

3        Plaintiff next argues that the Court acted improperly in denying Plaintiff's Motion for an

4  Extension of Time to pay the Filing fee.  According to the record, Plaintiff paid the filing fee on

5  July 7, 2005.  Plaintiff's Motion for an Extension of time was filed on August 3, 2005.  Thus, the

6  Motion was moot.  According to the Court record, the Motion was clearly denied as moot in the

7  Court's Order dated August 12, 2005.   In addition, the Findings and Recommendations to this

8  Court were that Plaintiff's IFP status be revoked and the case dismissed, not that Plaintiff pay the

9  filing fee in order to proceed.   Nevertheless, Plaintiff quickly and without apparent difficulty,

10  paid the fee of $150.00 on August 1, 2005.  Plaintiff clearly is under the impression that to

11  proceed with this case he need only pay the fee.  However,  Defendants argue in their Opposition

12  that Plaintiff should not be allowed to proceed simply because he pays the filing fee.  At the time

13  of Defendants Opposition to the Motion for more time, Defendants noted that Plaintiff had filed

14  no Objections to the Court's recommendation that the action be dismissed and made no attempt

15  to justify his initiation of a suit while having been declared three strikes in prior cases filed in this

16  District.  Although Plaintiff filed Objections to the Findings and Recommendations he makes no

17  attempt to argue that his In forma pauperis status should continue.

18        Defendants assert further that Plaintiff has perpetrated a fraud on the court by requesting

19  in forma pauperis status while having previously been declared three strikes.  Yet, Plaintiff does

20  not address why he sought In forma pauperis status knowing that he had been declared "three

21  strikes" in two other cases filed in this District.

22        Finally, Defendants argue that the Ninth Circuit as well as other Circuits have held that

23  dismissal following revocation of in forma pauperis status is appropriate.

24        Section 1915(g) expressly provides that "[i]n no event shall a prisoner *bring* a civil

25  action" if he has brought three or more actions that were dismissed as frivolous, malicious or for

26  failure to state a claim. 28 U.S.C. § 1915(g).  Congress clearly limited the reach of § 1915(g) to

27  "bringing" a civil action . . .   With respect to the filing of a civil action,"bring" generally refers

28  to the "initiation of legal proceedings in a suit."  Black's Law Dictionary (6th ed. 1991.)

1    In this case, it is undisputed that Plaintiff initiated this civil action while having had three

2    or more dismissals as frivolous, malicious, or for failing to state a claim.  Thus, despite the

3    Court's grant of In forma pauperis status, and subsequent revocation above, allowing this action

4    to proceed simply because Plaintiff paid the filing fee would be violative of the statutory

5    language of Section 1915(g) and Congress' intent to curtail abusive prisoner litigation by

6    imposing a prepayment requirement on those individuals with histories of abusive filings.  This

7    Court concurs with the Eleventh Circuit's holding that "[t]he prisoner cannot simply pay the

8    filing fee after being denied In forma pauperis status. He must pay the fee at the time he initiates

9    the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).   Dismissal of Plaintiff's

10   action does not affect his substantive rights, nor does not block his access to the courts.  Plaintiff

11   may still pursue any claim after three qualifying dismissals but he must do so without the

12   assistance of the in forma pauperis procedures.

13   Finally, Plaintiff alleges that the Magistrate Judge incorrectly found that Plaintiff was not

14   under threat of imminent danger when the Second Amended Complaint clearly alleges that he is

15   and that he should be allowed to proceed In forma pauperis.

16   The Second Amended Complaint alleges that on October 17, 2001, Defendants Medrano,

17   Thomas and Hanse referred to Plaintiff as a "snitch" which resulted in Plaintiff's being assaulted

18   by other inmates.  (Second Amended Complaint at pg. 17, ¶ 36.)  However, the Second Amended

19   Complaint is clear that Plaintiff's claim for relief is for Defendant's failure to protect him under

20   the Sixth Amendment. Id.  Plaintiff's allegations that he should be allowed to proceed in forma

21   pauperis because he might be assaulted at some point in time is purely speculative.  Plaintiff may

22   proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury

23   which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d

24   Cir.2001) (en banc) (imminent danger exception can be invoked only to seek relief from a danger

25   that is imminent at the time complaint is filed.); Medberry v. Butler, 185 F.3d 1189, 1192-93

26   (11th Cir.1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144

27   F.3d 883, 885 (5th Cir.1998).  "Imminent danger" is a danger which appears to the Plaintiff as

28

1   immediate and present and not prospective or even in the future.[3]   Given Plaintiff's

2   circumstances as an incarcerated individual confined in the SHU, Plaintiff and every other inmate

3   confined, is in danger of being assaulted at any time for any given reason.  Plaintiff's bare and

4   unsupported allegation that he is in "danger of being assaulted" at some point time alone is

5   insufficient to meet the exception to Section 1915(g).

6          In addition, Plaintiff made no such argument in his Opposition to the Motion for

7   Involuntary Dismissal.  A new theory cannot properly be raised in Objections to Findings and

8   Recommendations.  Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988),

9   *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).  Factual

10   assertions that which could have been but were not presented to the Magistrate Judge should be

11   given no consideration when the court is deciding whether to adopt Findings and

12   Recommendations  Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal.

13   2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal.

14   1997).  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful,

15   to change their strategy and present a different theory to the district court would frustrate the

16   purpose of the Magistrates Act." Greenhow, 863 F.2d at 638.

17          Based on the foregoing, the Court finds no error in the Magistrate Judge's conclusion that

18   Plaintiff has not alleged facts demonstrating he was in imminent danger at the time he filed the

19   action sufficient to allow him to proceed in forma pauperis.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27

28          [3]"Imminent - mediate rather than immediate, . . .  impending, . . . on the point of happening. . . " Blacks
Law Dictionary, 6th Ed. (1991).

Accordingly, the Court HEREBY ORDERS:

1.      The Findings and Recommendations issued on July 5, 2005, are ADOPTED in

        full;

2.      The Motion for Involuntary Dismissal is GRANTED;

3.      Plaintiff's In forma pauperis Status is REVOKED;

4.      The instant action is DISMISSED WITHOUT PREJUDICE: and

5.      All pending Motions are DENIED as moot.


IT IS SO ORDERED.

**Dated:    September 27, 2005            /s/ Oliver W. Wanger**
emm0d6                                UNITED STATES DISTRICT JUDGE