UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | 1:02-cv-06001-OWW-GSA-PC |
| Plaintiff, | |
| v. | ORDER INSTRUCTING PLAINTIFF ON SERVICE OF PROCESS, AND REQUIRING PLAINTIFF TO SERVE DEFENDANT LISA SALINAS WITHIN ONE-HUNDRED TWENTY DAYS |
| DAVID TRISTAN, et al., | |
| Defendants. | |

Plaintiff Gregorio C. Funtanilla ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 16, 2002. (Doc. 1.) This action proceeds on the second amended complaint filed on March 10, 2003. (Doc. 36.) Now pending is service of process upon defendant Lisa Salinas.

**I.   BACKGROUND**

On September 24, 2003, the court screened the second amended complaint pursuant to 28 U.S.C. § 1915A and found it stated cognizable claims for relief under section 1983 against defendants Atkinson, Bloxom, Brown, Buckley, Castillo, Galaza, Godin, Gonzales, Hanse, Marshall, Means, Medrano, Salinas, Streeter, Thomas, Tristan, Vella, Walker, Yates, and Yamamoto. (Doc. 54.)[1] On November 12, 2003, the court ordered the United States Marshal to serve process on

---

[1] In a prior order issued on October 24, 2002, the court screened the original complaint, finding it stated cognizable claims against defendants Atkinson, Gonzales, Hanse, Martinez, Means, Medrano, Thomas, Vella, and Yates. (Doc. 9.) On November 16, 2002, the court directed the United States Marshal Service to serve the original complaint on defendants Atkinson, Gonzales, Hanse, Martinez, Means, Medrano, Thomas, Vella, and Yates. (Doc. 16.) The Marshals Service executed service on defendants Atkinson, Martinez, Means, Medrano, Thomas, Vella, and Yates. (Docs. 21, 23, 29, 31, 33, 41, 44.) Service was returned unexecuted on defendants Hanse and Gonzales. (Docs. 37, 38.)

1

defendants Bloxom, Brown, Buckley, Castillo, Galaza, Godin, Gonzales, Marshall, Streeter, Tristan, Walker, and Yamamoto. (Doc. 63.) The Marshals Service executed service on defendants Bloxom, Brown, Buckley, Castillo, Galaza, Godin, Gonzales, Marshall, Streeter, Tristan, Walker, Yamamoto. (Docs. 68, 69, 70, 72, 74, 77, 79, 82, 83, 86, 88, 90.) Service was returned unexecuted for defendant Godin. (Doc. 82.) Defendant Salinas' name was inadvertently omitted from the court's service order, and she remains unserved. Plaintiff shall now be instructed how to serve process upon defendant Salinas.[2]

## II. SERVICE BY PLAINTIFF

Plaintiff is not proceeding *in forma pauperis* at this stage of the action.[3] Therefore, it is plaintiff's responsibility to effect service of the summons and complaint on defendant Salinas. The Clerk of the Court will be directed to issue a summons to plaintiff for purposes of service of process. See Fed. R. Civ. P. 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days from the date of service of this order. Plaintiff shall serve a copy of this order on defendant Salinas together with a summons and a copy of the second amended complaint filed on March 10, 2003. (Doc. 36.) The following two sections contain instructions explaining how to serve the defendant.

## III. WAIVER OF SERVICE

Pursuant to Rule 4(d)(2), plaintiff may (but is not required to) notify defendant Salinas of the commencement of this action and request that she waive service of the summons. Fed. R. Civ. P. 4(d)(2). If plaintiff wishes to do this, he must mail the defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service

---

[2] On October 12, 2007, this action was reassigned from Magistrate Judge Lawrence J. O'Neill to Magistrate Judge Gary S. Austin. In light of this reassignment, on June 23, 2008, the court conducted a new screening of the second amended complaint and entered findings and recommendations to proceed with the claims found cognizable by the court against defendants Atkinson, Brown, Buckley, Castillo, Galaza, Gonzalez, Hanse, Martinez, Means, Medrano, Salinas, Streeter, Thomas, Vella, and Yates. (Doc. 184.) The findings and recommendations were adopted by the District Court on September 23, 2008. (Doc. 193.)

[3] On October 24, 2002, the court granted plaintiff leave to proceed *in forma pauperis*. (Doc. 6.) On July 5, 2005, findings and recommendations issued to revoke plaintiff's *in forma pauperis* status under the "three strikes" provision of 28 U.S.C. § 1915(g). (Doc. 144.) Plaintiff paid the $150.00 filing fee in full on August 1, 2005. On September 28, 2005, the District Judge adopted the findings and recommendations and revoked plaintiff's *in forma pauperis* status. (Doc. 153.)

of Summons," and (3) a copy of the second amended complaint. The documents must be addressed directly to the defendant (<u>not the Attorney General's Office</u>) and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow the defendant at least thirty (30) days in which to return the waiver to plaintiff. If the defendant signs and return the waiver forms to plaintiff, plaintiff must then file the forms with the court. After filing the forms with the court, plaintiff need not take any further steps to serve defendant. Fed. R. Civ. P. 4(d)(4).

**IV.  PERSONAL SERVICE**

If either (1) plaintiff does not wish to request defendant to waive service <u>or</u> (2) defendant fails to return the Waiver of Service of Summons form to plaintiff, plaintiff must have personal service effected on defendant. Defendant must be personally served with a summons and a copy of the second amended complaint, along with a copy of this order. <u>Plaintiff may not effect personal service himself</u>. Fed. R. Civ. P. 4(c). <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>. Id. The court will provide plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

**V.  CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff one (1) summons;
2. The Clerk is further directed to send plaintiff:
   a) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"
   b) One (1) copy of the form entitled "Waiver of Service;"
   c) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions;
   d) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure; and
   e) One (1) copy of the second amended complaint filed on March 10, 2003.

///

3. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on defendant Salinas at the time of service of the summons and second amended complaint;

4. Plaintiff shall complete service of process on defendant Salinas within **one-hundred twenty (120) days** from the date of service of this order;

5. Plaintiff's failure to timely complete service of the second amended complaint on defendant Salinas may result in dismissal of this defendant or this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **October 20, 2008**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE