IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | 1:02-cv-06001-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT HANSE |
| vs. | (Docs. 53, 56.) |
| DAVID TRISTAN, et al., | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| Defendants. | |

Plaintiff Gregorio C. Funtanilla, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 16, 2002.

## I. Discussion

This action presently proceeds on plaintiff's second amended complaint filed March 10, 2003, against defendants Atkinson, Brown, Buckley, Castillo, Galaza, Gonzales, Hanse, Martinez, Means, Medrano, Salinas, Streeter, Thomas, Vella, and Yates. (Docs. 36, 193.)

To date, defendant Hanse has not been successfully served with process. Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), rev'd on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Plaintiff filed the original complaint on August 16, 2002. (Doc. 1.) On November 16, 2002, the court directed the United States Marshal Service to serve the complaint on defendants Atkinson, Gonzales, Hanse, Martinez, Means, Medrano, Thomas, Vella, and Yates. The Marshals Service successfully executed service on defendants Atkinson, Martinez, Means, Medrano, Thomas, Vella, and

1  Yates. (Docs. 21, 23, 29, 31, 33, 41, 44.) Service was returned unexecuted on defendants Hanse and
2  Gonzales. (Docs. 37, 38.) A notation on the Marshal's USM-285 form for defendant Hanse indicated
3  that the California Department of Corrections personnel could not locate an employee with the name S.
4  Hanse. (Doc. 38.)

5  On September 24, 2003, the court ordered plaintiff to show cause why defendant Hanse should
6  not be dismissed from this action. (Doc. 53.) On October 24, 2003, plaintiff filed a response to the
7  order to show cause, notifying the court that he would not pursue defendant Hanse at that time due to
8  insufficient information about Hanse's current address, giving permission for the court to dismiss
9  defendant Hanse, but requesting leave to pursue Hanse in the future once he obtained information
10 verifying Hanse's current employment. (Doc. 56.)

11 Nearly five years have passed, and plaintiff has not provided the court with any additional
12 information regarding defendant Hanse to assist the United States Marshal with service. For this reason,
13 no other attempts have been made to serve process upon defendant Hanse. Therefore, defendant Hanse
14 remains unserved and should be dismissed from this action.

15 **II.    Conclusion**

16 The court finds that defendant Hanse should be dismissed from this action due to plaintiff's
17 failure to provide the Marshal with accurate and sufficient information to effect service of the summons
18 and complaint on defendant Hanse. Accordingly, it is HEREBY RECOMMENDED that defendant
19 Hanse be dismissed from this action.

20 These Findings and Recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days
22 after being served with these Findings and Recommendations, the parties may file written objections
23 with the court. The document should be captioned "Objections to Magistrate Judge's Findings and
24 Recommendations." The parties are advised that failure to file objections within the specified time may
25 waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26

27      IT IS SO ORDERED.

28      Dated:   **October 30, 2008**              **/s/ Gary S. Austin**

2

UNITED STATES MAGISTRATE JUDGE