UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | 1:02-cv-06001-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF |
| v. | PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF |
| DAVID TRISTAN, et al., | (Docs. 183, 204.) |
| | OBJECTIONS, IF ANY, DUE WITHIN |
| Defendants. | THIRTY DAYS |

**I.   BACKGROUND**

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On June 11, 2008 and January 5, 2009, plaintiff filed motions for injunctive relief in which he requested a court order directing prison officials to allow him access to his legal materials. Plaintiff refers to a prison policy limiting the amount of state-issued and personal property ("property") an inmate is allowed to keep in his cell, and plaintiff claims that prison officials refuse to give him his legal materials because he already has six cubic feet of property in his cell. Plaintiff states that the property currently in his cell, which consists of a television, clothing, a Bible, and toiletries, equals the maximum amount allowed, so his legal materials have been placed in a storage area. Plaintiff claims that he cannot litigate this action without the legal materials.

///

1

## II. PRELIMINARY INJUNCTION

### A. Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### B. Discussion

In his motions for injunctive relief, plaintiff requests a court order directing prison officials to return his legal materials to him. This action is proceeding against defendants Hanse, Means, Medrano, and Thomas for failure to protect plaintiff, in violation of the Eighth Amendment; defendants Atkinson, Buckley, Castillo, Gonzalez, Means, Salinas, Streeter, Vella, and Yates for retaliation, in violation of the First Amendment; defendants Means, Vella, and Yates for violation of Due Process; defendants Martinez, Medrano, and Thomas for failure to provide adequate medical care, in violation of the Eighth Amendment; and defendants Brown, Galaza, and Vella for adverse conditions of confinement, in violation of the Eighth Amendment. Because an order directing prison officials to return plaintiff's legal

materials to him would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore, the court finds that plaintiff's motions must be denied.

Moreover, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the court should defer to the prison's policies and practices in allowing inmates to keep property in their cells.

Should plaintiff require additional time to respond to court orders or to meet court deadlines, he may request an extension of time.

### III.   CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for injunctive relief, filed June 11, 2008 and January 5, 2009, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 12, 2009**            /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3