UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | CASE NO. 1:02-cv-06001-OWW-GSA PC |
| Plaintiff | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED, DENYING PLAINTIFF'S MOTIONS, AND REQUESTING DEFENDANTS' COUNSEL FILE A STATUS REPORT WITHIN THIRTY DAYS ADDRESSING PLAINTIFF'S PROPERTY SITUATION |
| v. | |
| DAVID TRISTAN, et al., | |
| Defendants. | |
| | (Docs. 183, 204, and 205) |
| | ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR CONSIDERATION OF STATUS REPORT |

Plaintiff Gregorio C. Funtanilla, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On January 12, 2009, the Magistrate Judge filed Findings and Recommendations recommending Plaintiff's motions for preliminary injunctive relief be denied.  Plaintiff filed an Objection on February 12, 2009.  The matter is before the undersigned for *de novo* review.  28 U.S.C. § 636(b)(1)(C).

///

1

1    On June 11, 2008, Plaintiff filed a motion notifying the Court
2 that following both his refusal to allow an unclothed body search
3 of his person and his act of urinating inside and outside his cell,
4 prison officials placed him on management control status and
5 confiscated four boxes of legal materials.  Plaintiff contends that
6 these boxes contain material he needs to litigate this case and,
7 therefore, he seeks a court order mandating their return.
8    On January 5, 2009, Plaintiff filed another motion notifying
9 the Court that he is not being allowed unable to possess legal
10 materials relevant to this case in his cell.  He states that other
11 property of his already takes up the six cubic feet of property he
12 is allowed to possess in his cell.  Plaintiff therefore seeks a
13 court order mandating that he be allowed to possess two stacks of
14 legal papers in his cell.  Each stack is approximately twelve
15 inches thick.
16    On January 12, 2009, the Magistrate Judge recommended denial
17 of Plaintiff's motions for lack of jurisdiction, and notified
18 Plaintiff that if he needs additional time to respond to orders or
19 deadlines, he may seek an extension of time.  Plaintiff objects to
20 the recommendation, and argues that he is being denied all access
21 to his legal material, and that he cannot file motions and may
22 require extensions of time ad infinitum.
23    The Court does not have jurisdiction to order prison officials
24 to allow Plaintiff to possess his legal material in his cell. *City*
25 *of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665
26 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation*
27 *of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58
28 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir.

2

2006).  In addition to Article III limitations, the Prison Litigation Reform Act provides in part that "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  In this instance, issuing an order remedying Plaintiff's current property issues will not correct the alleged violation of Plaintiff's federal rights at issue in this action.  Because the Court lacks jurisdiction, the recommendation that Plaintiff's motions be denied on that ground is adopted.

However, the Court is concerned by Plaintiff's contention that he has no access to any of his legal material for this case and as a result is unable to litigate the case at all.[1]  Therefore, the Court requests Defendants' counsel, as an officer of the court, to file a status report within thirty days addressing Plaintiff's current situation with respect to access to his legal documents.  The Court requests that the status report be supported by the declaration of someone at the prison familiar with Plaintiff's property situation.  This matter shall be referred back to the Magistrate Judge for consideration of the status report.  No further briefing will be permitted unless the Magistrate Judge deems it necessary.  After receipt of the status report, the Magistrate Judge shall issue an order addressing and remedying this situation as justice requires.

---

[1] Pursuant to the amended scheduling order, this case is in the discovery phase with a pretrial dispositive motion deadline of July 27, 2009.

3

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.  The Findings and Recommendations, filed January 12, 2009,
3       is adopted as modified herein;
4   2.  Plaintiff's motion for an order directing prison
5       officials to allow him to keep his four boxes of legal
6       material in his cell, filed June 11, 2008, is DENIED;
7   3.  Plaintiff's motion for an order directing prison
8       officials to allow him to keep his two stacks of legal
9       documents in his cell, filed January 5, 2009, is DENIED;
10  4.  Defendants' counsel shall file a status report,
11      accompanied by a supporting declaration, within thirty
12      days addressing Plaintiff's claim that he is not able to
13      access any of his legal material to litigate this action;
14  5.  No further briefing will be allowed unless the Magistrate
15      Judge deems it necessary; and
16  6.  This matter is referred back to the Magistrate Judge to
17      address defense counsel's status report.

IT IS SO ORDERED.

**Dated:   February 26, 2009**              **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE

4