# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | 1:02-cv-06001-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR A COURT ORDER BE DENIED |
| v. | |
| DAVID TRISTAN, et al., | (Doc. 213.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.     BACKGROUND**

Gregorio C. Funtanilla, Jr. ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 16, 2002. (Doc. 1.) Plaintiff paid the filing fee in full for this action on August 1, 2005.

On June 11, 2008 and January 5, 2009, plaintiff filed motions for injunctive relief in which he requested a court order directing prison officials to allow him access to his legal materials. (Docs. 183, 204.) On February 23, 2009, the court denied plaintiff's motions for lack of jurisdiction but ordered defendants' counsel to file a status report addressing plaintiff's legal property situation. (Doc. 209.) On March 26, 2009, defendants' counsel filed a status report, and on April 13, 2009, plaintiff responded to the status report. (Docs. 211, 213.) In his response to the status report, plaintiff requested a court order directing prison officials to allow him weekly access to his stored legal materials. (Doc. 213.) Plaintiff's request is now before the court.

1

## II. PRELIMINARY INJUNCTION

### A. Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### B. Discussion

In their status report filed March 26, 2009, defendants stated that plaintiff has been allowed to maintain three cubic feet of legal materials in his cell, triple the amount allowed by California Code of Regulations, Title 15, section 3161, and plaintiff is allowed to view his stored legal materials upon request. Status Rpt at 1-2; Decl of J. Collins at 2 ¶4. Defendants also stated that over the past six months, plaintiff was escorted to the receiving and release area on eleven occasions to review his legal material. Status Rpt at 2; Decl of J. Collins at 2 ¶5.

In his response filed April 13, 2009, plaintiff alleges he has only had access to his stored legal materials four times during the last six months. Pltf's Response, Doc 213 at 2 ¶4-5.

Plaintiff alleges that J. Collins (D-Facility Captain) and other officers have denied his requests for weekly access allowed by OP 201 which provides, "Inmates shall have access to their stored legal material one time per week if they have an active case." Pltf's Response, Doc. 213 at 2 ¶7-9; Attachment to Response at p. 2 ¶2. Plaintiff requests the court to "order the prison to follow their own rule of giving [him] access to [his stored property] one time a week." Pltf's Response, Doc. 213 at 2 ¶10.

This action is proceeding against defendants Means, Medrano, and Thomas for failure to protect plaintiff, in violation of the Eighth Amendment; defendants Atkinson, Buckley, Castillo, Gonzalez, Means, Salinas, Streeter, Vella, and Yates for retaliation, in violation of the First Amendment; defendants Means, Vella, and Yates for violation of Due Process; defendants Martinez, Medrano, and Thomas for failure to provide adequate medical care, in violation of the Eighth Amendment; and defendants Brown, Galaza, and Vella for adverse conditions of confinement, in violation of the Eighth Amendment. Because an order directing prison officials to allow plaintiff weekly access to his stored legal materials would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore, plaintiff's request should be denied.

The court also finds that plaintiff has not demonstrated that he cannot litigate his case, or that his constitutional rights to access to the courts were violated, because he has not been given once-a-week access to his stored legal materials. Plaintiff has made a choice of which materials to keep in his cell, and he has been given access to the storage area if he wishes to review his documents or exchange some documents for others.

In addition, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the court should defer to the prison's policies and practices in allowing inmates access to their stored property.

///

Moreover, plaintiff does not have a right to litigate his case effectively under constitutional law. Inmates have a fundamental constitutional right of access to the courts. However, this is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996). The State is not required to enable the inmate to litigate effectively once in court. <u>Id</u>. Therefore, plaintiff does not have a constitutional right to weekly access to his stored legal materials to assist him to effectively litigate this case.

### III. CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for a court order directing prison officials to allow him weekly access to his legal materials, filed April 13, 2009, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 18, 2009          /s/ Gary S. Austin
                             UNITED STATES MAGISTRATE JUDGE