# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., <br><br>    Plaintiff, <br><br>    v. <br><br> DAVID TRISTAN, et al., <br><br>    Defendants. <br> _____/ | 1:02-cv-06001-OWW-GSA-PC <br><br> ORDER DENYING PLAINTIFF'S REQUEST FOR A COURT ORDER <br> (Doc. 236.) <br><br> ORDER REQUIRING PLAINTIFF TO COMPLY WITH COURT'S ORDER OF JANUARY 20, 2010 <br> (Doc. 233.) <br><br> DEADLINE: March 12, 2010 |

Gregorio C. Funtanilla, Jr. ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 16, 2002. (Doc. 1.) Plaintiff paid the filing fee in full for this action on August 1, 2005.

On July 27, 2009, defendants filed a motion to dismiss this action. (Doc. 221.) On January 20, 2010, the court issued an order requiring plaintiff to file an opposition or a statement of non-opposition to the motion to dismiss, within thirty days. (Doc. 233.) On February 18, 2010, plaintiff filed a declaration in response to the court's order. (Doc. 236.) Plaintiff claims that he cannot file an adequate opposition to the motion to dismiss because he is not being allowed adequate access to his legal materials at the prison. Plaintiff requests a court order requiring defendant Vella and the prison staff to cease retaliation against him by denying him access to his legal materials.

The court does not have jurisdiction to issue the order plaintiff requests. Moreover, the court has fully addressed the issue of plaintiff's access to legal materials in prior court orders. (Docs. 205,

209, 215, 227.) The court has previously informed plaintiff that the court does not have jurisdiction to order prison officials to allow plaintiff to possess his legal material in his cell. (Doc. 209 at 2:23-24.) Plaintiff has also been informed that the court lacks jurisdiction to issue an order remedying plaintiff's property issues because such an order will not correct the alleged violation of plaintiff's federal rights at issue in this action. (Doc. 209 at 3:7-12.; Doc. 215 at 3:13-15.) In a prior order, the court also found that plaintiff had not demonstrated that he cannot litigate his case, or that his constitutional rights to access to the courts were violated, because he was not been given once-a-week access to his stored legal materials. (Doc. 215 at 3:17-21; Doc. 227.) Therefore, plaintiff's request for a court order shall be denied.

Under Local Rule 78-230(m), plaintiff was required to file an opposition to defendants' motion to dismiss within eighteen days. It has been more than five months since defendants filed the motion, which plaintiff has yet to oppose. Plaintiff has had ample time to prepare a response. Therefore, plaintiff is required to comply with the court's order of January 20, 2010. Plaintiff shall be granted until March 12, 2010 in which to file an opposition or non-opposition to the motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a court order directing prison officials to allow him greater access to his legal materials is DENIED;
2. Plaintiff is required to comply with the court's order of January 20, 2010;
3. On or before March 12, 2010, plaintiff must file an opposition or a statement of non-opposition to defendants' motion to dismiss of July 27, 2009;
4. No additional requests for extension of time shall be entertained by the court unless accompanied by a showing of good cause; and
5. If plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey the Court's order and failure to prosecute.

IT IS SO ORDERED.

Dated: **February 22, 2010**           /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE