**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., <br><br> Plaintiff, <br><br> v. <br><br> DAVID TRISTAN, et al., <br><br> Defendants. | 1:02-CV-06001 OWW GSA (PC) <br><br> ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 238) |

Gregorio C. Funtanilla, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 16, 2002. Doc. 1.

The Court screened the complaint and determined that Plaintiff stated cognizable claims against: (1) Defendant Means for an Eighth Amendment failure to protect claim; (2) Defendants Medrano and Thomas for an Eighth Amendment failure to protect claim; (3) Defendants Gonzalez and Atkinson for a First Amendment retaliation claim; (4) Defendants Vella, Means and Yates for violations of the Due Process Clause and First Amendment; (5) Defendants Streeter, Castillo, Buckley and Salinas for a First Amendment claim; (6) Defendants Vella, Brown and Galaza for an

1

PDF created with pdfFactory trial version www.pdffactory.com

Eighth Amendment conditions of confinement claim; and (7) Defendants Martinez, Medrano and Thomas for an Eighth Amendment medical claim. Doc. 184.

On July 27, 2009, Defendants filed a motion to dismiss all but the Eighth Amendment failure to protect claim against Defendant Means on the ground that the remaining claims do not meet the requirements for permissive joinder under Federal Rule of Civil Procedure 20(A) and 21. Doc. 221 at 6-9. Alternatively, Defendants argued that all but the first Eighth Amendment claim against Means should be severed and tried separately so as to avoid confusing the jury and prejudicing Defendants. *Id*. at 9-10. Defendants did not move to dismiss the Eighth Amendment failure to protect claim against Defendant Means.

A January 20, 2010 order required Plaintiff to file an opposition or a statement of non-opposition to the motion to dismiss, within thirty days. Doc. 233. On February 18, 2010, Plaintiff filed a declaration in response to the court's order, in which Plaintiff claims that he cannot file an adequate opposition to the motion to dismiss because prison officials are not allowing him adequate access to his legal materials. Doc. 236. Plaintiff requested a court order requiring defendant Vella and the prison staff to cease retaliation against him by denying him access to his legal materials. *Id*.

PDF created with pdfFactory trial version www.pdffactory.com

Magistrate Judge Austin denied this request, explaining that the district court "does not have jurisdiction to issue the order plaintiff requests," and noting that the court "has fully addressed the issue of plaintiff's access to legal materials in prior court orders. Doc. 237 at 1-2 (citing Docs. 205, 209, 215 & 227). Judge Austin further explained that "[i]n a prior order, the court also found that plaintiff had not demonstrated that he cannot litigate his case, or that his constitutional rights to access to the courts were violated, because he was not been given once-a-week access to his stored legal materials." *Id*. at 2 (citing Doc. 215 at 3:17-21; Doc. 227). The Magistrate Judge granted Defendant one final opportunity to comply with the court's order of January 20, 2010, giving Plaintiff until March 12, 2010 to file an opposition or non-opposition to the motion to dismiss.

Plaintiff now moves for reconsideration of the magistrate's ruling, arguing again that he does not possess the legal papers he needs to prepare his opposition. Pursuant to Local Rule 72-303(f), a district court may reverse a magistrate's pretrial ruling on a motion for reconsideration only if the decision was "clearly erroneous or contrary to law," the standard set forth in 28 U.S.C. § 636(b)(1)(A).

Here, reconsideration is not warranted. Under Local Rule 78-230(m), plaintiff was required to file an opposition to

3

PDF created with pdfFactory trial version www.pdffactory.com

defendants' motion to dismiss within eighteen days. It has now been more than seven months since defendants filed the motion, which plaintiff has yet to oppose. Defendant's motion is not legally complex. It argues, simply, that the numerous claims Plaintiff has attempted to join together in one lawsuit are not sufficiently related to one another to be maintained as a single suit. Even if Plaintiff had demonstrated insufficient access to his legal materials, which he has failed to do in light of contrary evidence submitted by Defendants, *see* Doc. 211 (status report and Declaration of J. Collins regarding Plaintiff's access to legal materials), he has utterly failed to demonstrate (or even attempt to explain) why he cannot address Defendants motion.

However, in light of the timing of the issuance of this order, the deadline for Plaintiff to file an opposition or statement of non-opposition to Defendants' motion is extended from March 12, 2010 to March 22, 2010.

DATED: March 9, 2010.

                                        /s/ Oliver W. Wanger
                                             Oliver W. Wanger
                                       United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com