1
2
3
4
5
6  # UNITED STATES DISTRICT COURT
7  ### EASTERN DISTRICT OF CALIFORNIA
8
9  GREGORIO C. FUNTANILLA, JR.,          1:02-cv-06001-OWW-GSA-PC

10            Plaintiff,                 ORDER GRANTING DEFENDANTS'
                                         MOTION TO DISMISS MISJOINED
11     v.                               DEFENDANTS AND SEVER CLAIMS
                                         (Doc. 221.)
12  DAVID TRISTAN, et al.,
                                         ORDER FOR THIS ACTION TO PROCEED
13            Defendants.                ONLY AGAINST DEFENDANT MEANS ON
                                         PLAINTIFF'S EIGHTH AMENDMENT
14                                       FAILURE TO PROTECT CLAIM, AND
                                         DISMISSING ALL REMAINING CLAIMS
15                                       AND DEFENDANTS FROM THIS ACTION,
                                         WITHOUT PREJUDICE TO THE
16                                       INSTITUTION OF NEW, SEPARATE
                                         ACTIONS
17
18  _____/

19  I.    **BACKGROUND**

20         Plaintiff, Gregorio C. Funtanilla, Jr., ("Plaintiff"), a state prisoner proceeding pro se, filed

21  this civil rights action pursuant to 42 U.S.C. § 1983 on August 16, 2002.  This action now proceeds

22  on Plaintiff's second amended complaint filed on March 10, 2003, against defendants Atkinson,

23  Brown, Buckley, Castillo, Galaza, Gonzales, Martinez, Means, Medrano, Salinas, Streeter, Thomas,

24  Vella, and Yates.[1]  (Doc. 36.)

25         On July 27, 2009, defendants Atkinson, Brown, Buckley, Castillo, Galaza, Gonzales,

26  Martinez, Means, Medrano, Streeter, Thomas, Vella, and Yates ("Defendants") filed a motion to

27  _____

28         [1]Defendant Salinas has not been served and has not appeared in this action.

                                              1

1   dismiss misjoined defendants and sever claims.  (Doc. 221.)  On March 16, 2010, Plaintiff filed an

2   opposition to the motion.  (Doc. 240.)   On March 18, 2010, Defendants filed a reply to the

3   opposition.  (Doc. 241.)

4   **II.   PLAINTIFF'S REMAINING CLAIMS**

5          Defendants correctly characterize the claims remaining in this action as follows:[2]

6          (1)     Against defendant Means for an Eighth Amendment failure to protect claim, for

7                  failing to place inmate Manago on Plaintiff's enemy list;

8          (2)     Against defendants Medrano and Thomas for an Eighth Amendment failure to protect

9                  claim, for calling Plaintiff a "snitch" and "sex offender" in the presence of other

10                 inmates;

11         (3)     Against defendants Gonzalez and Atkinson for a First Amendment retaliation claim,

12                 for throwing away Plaintiff's legal materials in retaliation for filing a personal injury

13                 lawsuit against Corcoran prison staff;

14         (4)     Against defendants Vella, Means and Yates for violations of the Due Process Clause

15                 and First Amendment, for retaining Plaintiff on an indeterminate SHU term in

16                 retaliation against him for litigating against staff and filing appeals;

17         (5)     Against defendants Streeter, Castillo, Buckley and Salinas for a First Amendment

18                 claim, for failing to respond to Plaintiff's appeals in retaliation against him for filing

19                 administrative grievances;

20         (6)     Against defendants Vella, Brown and Galaza for an Eighth Amendment conditions

21                 of confinement claim, for denying Plaintiff out-of-cell exercise; and

22         (7)     Against defendants Martinez, Medrano and Thomas for an Eighth Amendment

23                 medical claim, for ignoring Plaintiff's requests for medication.

24   ///

25   ──────────────

26       [2]Plaintiff named defendants Atkinson, Bloxom, Brown, Buckley, Castillo, Galaza, Godin, Gonzalez, Hanse,
     Marshall, Martinez, Means, Medrano, Salinas, Streeter, Thomas, Tristan, Vella, Walker, Yates, and Yamamoto in
27   the second amended complaint.  (Doc. 36.)  On September 23, 2008, the Court dismissed defendants Bloxom,
     Godin, Marshall, Tristan, Walker, and Yamamoto from this action based on Plaintiff's failure to state a claim against
28   them.  (Doc. 193.)  On January 26, 2009, the Court dismissed defendant Hanse from this action based on Plaintiff's
     failure to effect service.  (Doc. 206.)

1    **III.    STANDARD OF REVIEW**

2        **Rules 20, 21 and 42(b)**

3        "The joinder of claims against multiple defendants in a single action is governed by Federal

4    Rule of Civil Procedure 20(a) which provides that 'persons may be joined in one action as

5    defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative

6    with respect to or arising out of the same transaction, occurrence, or series of transactions or

7    occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action.

8    Fed.R.Civ.P. 20(a)(2) (emphasis added).'" <u>Coalition for a Sustainable Delta v. United States Fish</u>

9    <u>and Wildlife Service</u>, No. 1:09-cv-480 OWW GSA, 2009 WL 3857417, at *2 (E.D. Cal. Nov. 17,

10   2009).   "The permissive joinder rule 'is to be construed liberally in order to promote trial

11   convenience and to expedite the final determination of disputes, thereby preventing multiple

12   lawsuits.'" <u>Id.</u> (quoting <u>League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency</u>, 558 F.2d 914,

13   917 (9th Cir. 1997)).   "The purpose of Rule 20(a) is to address the 'broadest possible scope of action

14   consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

15   encouraged.'" <u>Id.</u> (quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724, 86 S.Ct.

16   1130, 16 L.Ed.2d 218 (1966)).

17       Under Rule 21, "[If] the test for permissive joinder is not satisfied, a court, in its discretion,

18   may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."

19   <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997).   "Misjoinder of parties is not a ground for

20   dismissing an action." Fed.R.Civ.P. 21.   Upon a finding of misjoinder, a court has "two remedial

21   options: (a) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against

22   misjoined parties 'may be severed and proceeded with separately." Fed.R.Civ.P. 21; <u>also</u> <u>see</u>

23   <u>DirecTV, Inc. v. Leto</u>, 467 F.3d 842, 845 (3rd Cir. 2006).

24       The district court may also sever the trial in order to avoid prejudice. <u>See</u> Fed.R.Civ.P.

25   20(b).   "For convenience, to avoid prejudice, or to expedite and economize, the court may order a

26   separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party

27   claims." Fed.R.Civ.P. 42(b).

28   ///

**IV.     DISCUSSION**

Defendants move to dismiss the misjoined defendants under Rule 21 of the Federal Rules of Civil Procedure and sever the claims against them from this action, based on the fact that Plaintiff's alleged claims against them do not arise from the same transactions and occurrences and do not share common questions of law or fact.  Defendants move to dismiss, without prejudice, all claims in this action except for the Eighth Amendment failure to protect claim against defendant Means.

In the alternative, should the court find common questions of law or fact in the claims alleged against the individual defendants, Defendants move to sever the individual defendants and the asserted claims against them and schedule separate trials, under Rules 20(b) and 42(b) of the Federal Rules of Civil Procedure, because the potential confusion to the jury and prejudice to Defendants offsets any possible benefits of a joint trial.

**A.     Waiver of Defense**

As a threshold issue, Plaintiff argues that Defendants have waived the defense that misjoined defendants should be dismissed and claims should be severed, because this action has been proceeding since 2002, and Defendants waited years to file this motion.  Plaintiff asserts that the cases Defendants rely on are not on point because unlike this case, they all relate to misjoinder and severance issues which were addressed soon after the complaint was filed.  Plaintiff argues that because Defendants failed to assert an affirmative defense regarding misjoined claims and Defendants in their answer filed October 7, 2004, they have waived the defense.

Defendants reply that Plaintiff's argument is without merit, because improper joinder is not an affirmative defense, and the court may, at any time, by motion or on its own, add or drop a party and sever any claim against a party.

Under Rule 21, if the test for permissive joinder is not satisfied, the court has discretion to sever misjoined parties from an action, "so long as no substantial right will be prejudiced by the severance."  Fed.R.Civ.P. 21; Coughlin, 130 F.3d at 1350.  Although the issue of misjoinder is ordinarily raised early in a lawsuit, the court finds no evidence that any of the parties' substantial rights will be prejudiced if misjoinder is addressed at this stage of the proceedings in this action.

1

**B.      Permissive Joinder - Rule 20**

Defendants argue that Plaintiff's claims do not meet the requirements for permissive joinder under Rule 20(a).

### *Same Transaction or Occurrence*

The first prong of Rule 20's test for permissive joinder of defendants is satisfied if persons joined in one action as defendants have any right to relief "asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed.R.Civ.P. 20(a)(2)(A).

(1)      Plaintiff's Claim #1 was brought against defendant Means for failure to protect Plaintiff in violation of the Eighth Amendment.  Plaintiff alleges that on February 24, 1998, he informed Means that inmate Manago should be place on Plaintiff's enemy list.  Plaintiff also told Means to place Plaintiff on Manago's enemy list.  On June 6, 2001, Manago attacked and assaulted Plaintiff.  On August 6, 2001, Plaintiff was informed that Means never placed his name on Manago's enemy list.

Defendants argue that Plaintiff's claim against defendant Means, that he failed to document inmate Manago as Plaintiff's enemy in 1998, causing him to be attacked in 2001, not only predates but is wholly unrelated to all other allegations in the complaint.

(2)      Plaintiff's Claim #2 was brought against defendants Medrano and Thomas for failure to protect Plaintiff in violation of the Eighth Amendment.[3]  Plaintiff alleges that since he arrived at Corcoran State Prison ("CSP") on October 17, 2001, Medrano and Thomas have addressed and referred to Plaintiff as a "snitch" and/or "sex offender," causing other SHU inmates to throw rocks at Plaintiff during their outdoor yard time.

Defendants argue that Plaintiff's claim against defendants Medrano and Thomas is completely unrelated to any other claims in the complaint.

Claims #1 and #2 concern different defendants, different time periods, and different fact patterns.  Therefore, Claims #1 and #2 are not asserted against the same defendants and do not arise

---

[3]This claim was also brought against defendant Hanse who was dismissed from this action.

1  from the same transaction or occurrence.  Accordingly, Claims #1 and #2 are not properly joined in
2  this action under Rule 20(a) .

3       (3)     Plaintiff's Claim #3 was brought against defendants Gonzalez and Atkinson for
4  retaliation against Plaintiff in violation of the First Amendment.  Plaintiff alleges that on October
5  17, 2001, when Plaintiff arrived at CSP, Gonzalez and Atkinson took possession of four boxes of
6  Plaintiff's legal property, refused to allow him access to documents he needed, and on February 13,
7  2002, threw away Plaintiff's legal and personal property.

8       Claim #3 concerns different defendants and a different fact pattern than Claims #1 and #2.
9  Therefore, Claim #3 is not properly joined in this action with Claim #1 or Claim #2.

10      (4)     Plaintiff's Claim #4 was brought against defendants Vella, Means and Yates for
11 retaliation in violation of the First Amendment, and for violation of the Due Process Clause.
12 Plaintiff alleges that on September 13, 2001, he began serving a 12-month term on indeterminate
13 status in the SHU.  Plaintiff alleges that in 2002, Means told him that if he continued to litigate
14 against prison staff, he could not be considered for release from the SHU.  Plaintiff alleges that Vella
15 told him she hated him because he filed so many inmate appeals and would not consider him for
16 release from the SHU.  Plaintiff alleges that Yates agreed with the basis for retention.  Plaintiff
17 contends that under the California Code of Regulations, these defendants were required to consider
18 his release from the SHU at least every 180 days, which they failed to do.

19      Defendants argue that Plaintiff's First Amendment and Due Process claims against
20 defendants Yates, Vella and Means are unrelated to all other claims in Plaintiff's complaint.
21 Defendants contend that Plaintiff's claim that he was placed in the SHU without due process and in
22 retaliation for filing lawsuits has no relation to the destruction of his personal property alleged in
23 Claim #3, or any of the failure to protect claims.

24      Claim #1 and Claim #4 are both asserted against defendant Means.  However, they involve
25 entirely different events which allegedly occurred during entirely different time periods.  Therefore,
26 Claim #1 against defendant Means is not properly joined in one action with Claim #4 against
27 defendants Means, Vella and Yates.  Claim #4 also concerns different defendants, different time
28 periods, and different fact patterns than Claim #2 or Claim #3.  Therefore, Claim #4 does not arise

1  from the same transaction or occurrence as Claim #2 or Claim #3.  Accordingly, Claim #4 is not

2  properly joined in this action with Claim #1, #2, or #3.

3       (5)   Plaintiff's Claim #5 was brought against defendants Streeter, Castillo, Buckley and

4  Salinas for retaliation under the First Amendment.  Plaintiff alleges that Streeter, Castillo, Buckley

5  and Salinas were uncooperative and made false statements to Plaintiff when he asked them about

6  his appeals, and Plaintiff alleges he saw a memorandum which reminded these defendants to discard

7  any appeals from Plaintiff that could reasonably be destined to court.  Plaintiff also alleges that

8  Salinas said some of Plaintiff's appeals were discarded.

9       Claim #5 has no defendants or facts in common with Claims #1-#4.  Therefore, Claim #5 is

10  not properly joined in this action with Claim #1, #2, #3 or #4.

11      (6)   Plaintiff's Claim #6 was brought against defendants Vella, Brown and Galaza for

12  denying Plaintiff adequate out-of-cell exercise, in violation of the Eighth Amendment.  Plaintiff

13  alleges that since October 17, 2001, when he arrived at CSP, Vella, Brown and Galaza have not

14  allowed him adequate outdoor exercise time.

15      Claim #6 has no defendants or facts in common with Claims #1-#5.  Therefore, Claim #6 is

16  not properly joined with Claim #1, #2, #3, #4 or #5.

17      (7)   Finally, Plaintiff's Claim #7 was brought against defendants Martinez, Medrano and

18  Thomas for ignoring Plaintiff's requests for medication, in violation of the Eighth Amendment.

19  Plaintiff alleges that beginning on October 17, 2001, he made requests to Medrano, Thomas and

20  Martinez to see a doctor for the renewal of his seizure medication, pain medication and psychiatric

21  medication, but they ignored him.  Plaintiff was finally seen by a doctor on January 9, 2002, who

22  reordered the medications.  Plaintiff alleges the delay in medical treatment caused him daily pain and

23  suffering for over 2 months.

24      Defendants argue that Plaintiff's Eighth Amendment claims for denial of exercise and

25  medical care are unrelated to each other, as well as all other claims in the complaint.  The court finds

26  that Claim #7 has no defendants or facts in common with Claims #1-#6.  Therefore, Claim #7 is not

27  properly joined with Claim #1, #2, #3, #4, #5, or #6.

28  ///

1    Plaintiff argues that all of his claims meet the "transaction or occurrence" requirement

2 because they have these factors in common: all of the defendants are employed by CDCR; all of the

3 defendants worked in the Security Housing Unit (SHU) while Plaintiff was a SHU inmate; and each

4 defendant individually and collectively daily treated Plaintiff in the SHU when the violations alleged

5 in the complaint occurred. However, each of Plaintiff's seven claims concerns a distinctly different

6 event or series of events. Defendants' connections by their mutual employment and their contact

7 with Plaintiff in the SHU are not enough to establish that "any right to relief is asserted against them

8 jointly, severally, or in the alternative with respect to or arising out of the same transaction,

9 occurrence, or series of transactions or occurrences." Accordingly, the first prong of Rule 20's test

10 for permissive joinder of defendants is not satisfied.

11                        ***Common Questions of Law or Fact***

12    The second prong of Rule 20's test for permissive joinder, that "any question of law of fact

13 common to all defendants will arise in the action," is not satisfied either. Fed.R.Civ.P. 20(a)(2)(B).

14 Defendants argue that Plaintiff's suit consists of seven distinct claims based on five different legal

15 theories, requiring the trier of fact to apply five different areas of law and sift through unrelated facts.

16 In support of this argument, Defendants assert that Plaintiff's allegation against defendant Means,

17 that he did not document an enemy in 1998, has no question of law or fact in common with the

18 alleged 2001 destruction of property by defendants Gonzalez and Atkinson, or the claim that

19 Martinez, Medrano and Thomas denied Plaintiff medical care.

20    Although Claims #1 and #2 both concern failure to protect Plaintiff in violation of the Eighth

21 Amendment, and Claims #3, #4 and #5 all concern retaliation in violation of the First Amendment,

22 "the mere fact that . . . claims arise under the same general law does not necessarily establish a

23 common question of law or fact." Coughlin, 130 F.3d at 1351. "Where claims require significant

24 'individualized attention,' they do not involve 'common questions of law or fact.' " Coalition For

25 A Sustainable Delta, 2009 WL 3857417, at *7 (quoting Coughlin, 130 F.3d at 1351). Each of

26 Plaintiff's seven claims allege unrelated actions, and Plaintiff's alleged injuries resulting from each

27 action are distinctly different. The fact that all of the defendants share an employer and place of

28 employment does not establish any common question of fact. Each of Plaintiff's claims will require

8

its own review of entirely separate events.  Plaintiff's claims do not involve common questions of law or fact, and the second prong of Rule 20's test for permissive joinder is not satisfied.

### C.   Prejudice Against Plaintiff

Under Rule 21, "[If] the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, *so long as no substantial right will be prejudiced by the severance.*" Coughlin, 130 F.3d at 1350 (emphasis added).  Defendants contend that the severance of claims will not deprive Plaintiff of any substantial right, because Plaintiff will still be able to pursue his claims against all defendants in separate cases or trials.  Plaintiff argues that Defendants' motion to sever should be denied because it would be unfair to dismiss claims that accrued seven years ago.

### *Statute of Limitations*

Plaintiff argues that he will be prejudiced if misjoined claims are dismissed, because the statute of limitations for filing claims which accrued in 2001 and 2002 has expired, and he will be unable to bring timely actions at this juncture because they would be time-barred.  Defendants maintain it is unlikely Plaintiff's claims will be time-barred as they may be subject to equitable tolling.

Equitable tolling "'soften[s] the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.'" Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001) (quoting Addison v. State of California, 21 Cal.3d 313, 316, 146 Cal.Rptr. 224, 578 P.2d 941 (1978)).  The issue of whether any of Plaintiff's claims would be time-barred by the statute of limitations depends on multiple factors and cannot be decided here. In any event, any prejudice resulting from the statute of limitations is a result of Plaintiff combining seven unrelated claims in one complaint, instead of filing seven separate actions.

### *Payment of Additional Filing Fees*

Plaintiff also argues that he will be prejudiced if he is required to pay more filing fees in new litigation.  Plaintiff maintains that Defendants have an ill faith motive in seeking to make it even more expensive for Plaintiff to obtain relief.

Defendants argue that if Plaintiff is required to pay more filing fees, such an outcome is not an unjust application of Rule 21, because the Prison Litigation Reform Act is unequivocal that

unrelated claims against different defendants belong in different suits to ensure that prisoners pay the required filing fees for the PLRA which limits the number of frivolous suits or appeals to three. Defendants maintain that any prejudice Plaintiff might suffer is of his own making, because Plaintiff's in forma pauperis status was revoked because of his own actions. See 28 U.S.C. 1915.

Defendants arguments have merit. "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d, 605, 607 (7th Cir. 2007); 28 U.S.C. 1915(g). If Plaintiff is required to pay additional filing fees because his misjoined claims are dismissed from this action, it is not a result of prejudice from the application of the permissive joinder rules.

### *Rule 1*

Plaintiff also argues that severing the misjoined defendants would deprive him of his right under Rule 1 of the Federal Rules of Civil Procedure to a "just, speedy, and inexpensive determination of" his lawsuit.  Plaintiff argues that under Hill v. MacMillan McGraw-Hill Sch. Publishing Co., No. C-93-20824, 1995 WL 317054 (N.D.Cal. May 22, 1995), litigants have an obligation to refrain from conduct that frustrates the aims of Rule 1.

Federal Rule of Civil Procedure 1 provides in its entirety:

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.  They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

Defendants correctly state that Rule 1 is a rule of construction requiring that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  As such, Rule 1 does not guarantee Plaintiff any rights in the determination of his lawsuit which will be prejudiced if the court adheres to the requirements of Rules 20 and 21.

### D.    Separate Trials for Separate Claims

Defendants argue, in the alternative, that if the court decides the requirements for permissive

1   joinder are satisfied, the court should still sever Plaintiff's claims under Rule 42(b) for trial, because

2   Rule 20(a) is permissive in character, and a single trial for all of Plaintiff's claims would be

3   prejudicial to the jury and to Defendants.   Under Rule 42(b), "For convenience, to avoid prejudice,

4   or to expedite and economize, the court may order a separate trial of one or more separate issues,

5   claims, crossclaims, counterclaims, or third party claims." Fed.R.Civ.P. 42(b).   Defendants argue

6   that in a single trial the jury will be required to sort out Plaintiff's distinct claims against numerous

7   and unrelated defendants, and the jury's consideration of evidence against individual defendants will

8   be colored by evidence concerning unrelated claims and conditions, which would be prejudicial

9   against the individual defendants.   Defendants assert that any arguable benefit of having a single trial

10  in this case is far outweighed by the potential of confusion of the jury and prejudice to Defendants.

11  Defendants contend that the severance of claims for trial would not deprive Plaintiff of any

12  substantial right, because Plaintiff would still be able to pursue his claims against all defendants in

13  separate trials.

14          Plaintiff argues that separate trials would not promote judicial economy, and time should be

15  allowed for resolution of the claims via summary judgment.   Defendants, on the other hand, maintain

16  that severing the issues at this juncture would help to organize the issues for summary judgment.

17          The court has found that the requirements for permissive joinder are not satisfied.   Therefore,

18  Defendants' alternative motion shall not be reached.

19  **V.     CONCLUSION**

20          The court finds that none of Plaintiff's seven claims meet the requirements under Rule 20(a)

21  for permissive joinder in one action.   Therefore, the misjoined defendants shall be dismissed and the

22  claims against severed and dismissed from this action.   The court shall dismiss all but the first named

23  defendant, without prejudice to the institution of new, separate lawsuits by Plaintiff against the

24  dropped defendants.   This action shall proceed only on Plaintiff's claim in the second amended

25  complaint against defendant Means for failure to protect Plaintiff in violation of the Eighth

26  Amendment.   Any new lawsuit brought by Plaintiff shall be governed by 28 U.S.C. § 1915(g) with

27  ///

28  ///

1  ///

2  regard to the payment of filing fees, in light of the fact that Plaintiff has filed three or more prior

3  actions that were dismissed as frivolous, malicious or for failing to state a claim.[4]

4         Accordingly, IT IS HEREBY ORDERED that:

5       1.     Defendants' motion to dismiss misjoined defendants and sever claims, filed on July

6               27, 2009, is GRANTED;

7       2.     This action now proceeds only on Plaintiff's claim in the second amended complaint

8               against defendant Means for failure to protect Plaintiff in violation of the Eighth

9               Amendment;

10       3.     All other defendants are dismissed from this action as misjoined under Rule 20(a),

11               without prejudice to the institution of new, separate lawsuits against the dropped

12               defendants;

13       4.     Plaintiff's claims against defendants Medrano and Thomas for failure to protect

14               under the Eighth Amendment are severed and dismissed from this action;

15       5.     Plaintiff's claims against defendants Gonzalez and Atkinson for retaliation are

16               severed and dismissed from this action;

17       6.     Plaintiff's claims against defendants Vella, Means and Yates for retaliation and

18               violations of due process are severed and dismissed from this action;

19       7.     Plaintiff's claims against defendants Streeter, Castillo, Buckley and Salinas for

20               retaliation are severed and dismissed from this action;

21       8.     Plaintiff's claims against defendants Vella, Brown and Galaza for inadequate

22               exercise under the Eighth Amendment are severed and dismissed from this action;

23       9.     Plaintiff's claims against defendants Martinez, Medrano and Thomas for inadequate

24               medical care under the Eighth Amendment are severed and dismissed from this

25

26  [4]The Court takes judicial notice of the following cases which the Court has determined constitute strikes under section

27  1915(g): Funtanilla v. Ninevella, CV F 98-6365 AW I SMS P; Funtanilla v. Tieman, CV F 92-1017 LKK JFM P; Funtanilla v. Schneider, CV F 92-1975 DFL GGH P; Funtanilla v. Jones, CV F 95-5632 OSS HGB P; and Funtanilla v. Duke, 96-4236 T EH. (See Court Doc. 144 at 5 n.3.)

28

1    action;

2    10.    Defendants Medrano, Thomas, Gonzalez, Atkinson, Vella, Yates, Brown, Streeter,

3    Castillo, Buckley, Salinas, Martinez and Galaza are severed and dismissed from this

4    action; and

5    11.    The Clerk is directed to reflect the dismissal of defendants Medrano, Thomas,

6    Gonzalez, Atkinson, Vella, Yates, Brown, Streeter, Castillo, Buckley, Salinas,

7    Martinez and Galaza from this action on the court's docket.

8    IT IS SO ORDERED.

9    **Dated:    March 29, 2010**             **/s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE