# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DAVID TRISTAN, et al.,<br><br>Defendants.<br>_____/ | 1:02-cv-06001-OWW-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER<br>(Doc. 245.)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION<br>(Doc. 246.)<br><br>ORDER VACATING DISPOSITIVE MOTIONS DEADLINE PENDING RESOLUTION OF APPEAL<br><br>**Dispositive Motions Deadline - Vacated** |

## I.   BACKGROUND

Gregorio C. Funtanilla, Jr. ("plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on August 16, 2002. (Doc. 1.)  The action now proceeds on plaintiff's second amended complaint filed on March 10, 2003. (Doc. 36.)  On March 30, 2010, the court issued an order granting defendants' motion to dismiss misjoined defendants and sever claims.  (Doc. 242.)  As a result, this action now proceeds only against defendant Means ("Defendant") on plaintiff's Eighth Amendment failure to protect claim, for failing to place inmate Manago on plaintiff's enemy list.[1]  On May 4, 2010, plaintiff appealed the

---

[1] All other claims and defendants were dismissed from this action on March 30, 2010 by the court's order granting defendants' motion.  (Doc. 242.)

1

court's March 30, 2010 order to the Ninth Circuit Court of Appeals. (Doc. 243.) Plaintiff's appeal is now pending.

On October 31, 2008, the Court issued a Scheduling Order in this action, establishing pretrial deadlines. (Doc. 197.) On May 14, 2010, Defendant filed a motion to modify the Scheduling Order to extend the dispositive motions deadline until six months after plaintiff's appeal is resolved. (Doc. 245.) On May 24, 2010, plaintiff filed an opposition to Defendant's motion, and brought a cross-motion for an extension of time to file a dispositive motion. (Doc. 246.) The parties' motions are now before the court.

## II.     MODIFICATION OF SCHEDULING ORDER

A court may modify a scheduling order for good cause. Fed.R.Civ.P 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id.

Defendant seeks modification of the Scheduling Order to enable him to file a dispositive motion in this action after plaintiff's appeal is resolved, at which time Defendant will know the full scope of the claims and parties in this action. Plaintiff argues in opposition that Defendant's purpose for the motion is only to "delay [plaintiff's] day in court." Plaintiff maintains that Defendant has had ample time during the past eight years to validly defend against plaintiff's claims, and no additional time should be granted.

Plaintiff brings a cross-motion to grant him an extension of time until June 11, 2010, to file a dispositive motion, to enable him to file a motion for summary judgment against Defendant, which he predicts will close this case. Plaintiff argues that the extension of time is needed because his access to the law library was recently limited due to events at the prison out of his control.

Both parties have presented good cause to modify the court's Scheduling Order. The pendency of plaintiff's appeal causes uncertainty as to which defendants and claims remain in this action. Moreover, the filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal. Pyrodyne

Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988). All parties to this action should be afforded the opportunity to re-evaluate their positions and move to resolve the case after the resolution of the appeal is known. The only deadline at issue is the deadline for the filing of pretrial dispositive motions.[2] The court finds it prudent to vacate the dispositive motions deadline until after plaintiff's appeal has been resolved at the Ninth Circuit, at which time a new deadline shall be established by further order of the court.

### III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The deadline for the parties to file pretrial dispositive motions is VACATED;
2. Defendant's motion to modify the court's Scheduling Order is GRANTED;
3. Plaintiff's motion for an extension of time to file a dispositive motion is GRANTED; and
4. Upon the resolution of plaintiff's notice of appeal by the Ninth Circuit, the court shall issue an order establishing a new deadline for the parties to file pretrial dispositive motions.

IT IS SO ORDERED.

Dated:   **May 26, 2010**                     **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The deadline to file unenumerated Rule 12(b) motions, November 27, 2008, was extended to December 29, 2008 and has since expired. (Doc. 202.) The deadline to amend pleadings, March 27, 2009, has expired. The deadline to complete discovery, May 27, 2009, has expired. The deadline to file pre-trial dispositive motions, July 27, 2009, was extended to May 17, 2010, was pending at the time defendant filed his motion to modify the Scheduling Order, and has since expired. (Doc. 235.)

3