IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>D. MEANS,<br><br>   Defendant. | NO. 1:02-cv-06001-OWW-GSA-PC<br><br>FINDINGS AND RECOMMENDATION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 251)<br><br>OBJECTIONS DUE IN TWENTY DAYS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is Defendant's motion for summary judgment. Plaintiff has opposed the motion.[1]

### I.   Relevant Procedural History

This action proceeds on the March 10, 2003, second amended complaint against Defendant Correctional Counselor D. Means on Plaintiff's claim of failure to protect. Plaintiff claims that Defendant Means knew of and disregarded a threat to Plaintiff's safety. Plaintiff

---

[1] On December 16, 2002, the Court issued and sent to Plaintiff the summary judgment notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (ECF No. 15.)

initiated this action by civil complaint filed on August 16, 2002.[2] Plaintiff alleged that his due process rights were violated at his disciplinary hearings because he was not given a mental evaluation before the hearing to determine whether Plaintiff was in need of staff assistance at the hearings.  Plaintiff alleged that Defendants failed to protect him from attacks by other inmates and that Defendants took some of his personal property and legal property.  Further, he alleged that Defendants were deliberately indifferent to his serious medical needs and that Defendants denied him any outdoor exercise.   On October 24, 2002, the Court dismissed the complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed with the original complaint on the following claims: the failure to protect claim against Defendant Means; the cruel and unusual punishment claim against Defendants Gonzalez and Atkinson; the due process claim against Defendants Medrano, Thomas, and Martinez.  On October 31, 2002, Plaintiff notified the Court of his willingness to proceed with the original complaint pursuant to the order of October 24, 2002.

On December 31, 2002, Plaintiff filed a motion for leave to amend the original complaint. On February 28, 2003, the Court granted Plaintiff's motion for leave to amend, filed the first amended complaint, and ordered Plaintiff to notify of his intent to either withdraw the first amended complaint, proceed on the first amended complaint, or file a second amended complaint.  On March 10, 2003, Plaintiff filed a second amended complaint.

On July 27, 2009, Defendants Atkinson, Brown, Buckley, Castillo, Galaza, Gonzalez, Martinez, Means, Medrano, Streeter, Thomas, Vella and Yates filed a motion to dismiss misjoined defendants and sever claims.  On March 30, 2010, an order was entered by the District Court, granting Defendants' motion.  The Court ruled as follows: Plaintiff's claims against Defendants Medrano and Thomas for failure to protect were severed and dismissed; Plaintiff's claims against Defendants Gonzalez and Atkinson for retaliation were severed and dismissed;

---

[2] The original complaint named the following individual defendants: Tristan, Bloxom, Godin, Walker, Marshal, Yamamoto, Galaza, Brown, Yates, Vella, Means, Gonzalez, Atkinson, Dang, Bendon, Maxine, Thomas, Hanse, Castillo, Buckley, Streeter, Medrano, Martinez, Salinas.

Plaintiff's claims against Defendants Vella, Means and Yates for retaliation were dismissed; Plaintiff's claims against Defendants Streeter, Castillo, Buckley and Salinas for retaliation were dismissed; Plaintiff's claims against Defendants Vella, Brown and Galaza for inadequate exercise under the Eighth Amendment were severed and dismissed; Plaintiff's claims against Defendants Martinez, Medrano and Thomas were dismissed.  The Court further ruled that this action "now proceeds only on Plaintiff's claim in the second amended complaint against Defendant Means for failure to protect Plaintiff in violation of the Eighth Amendment."  The remaining defendants were dismissed as misjoined under Federal Rule of Civil Procedure 20(a), without prejudice to the institution of new, separate lawsuits.

## II.     Allegations Re Defendant Means

On February 24, 1998, Plaintiff informed Defendant Means that inmate Manago needed to be placed on Plaintiff's inmate enemy list.  Specifically, Plaintiff "informed Means of his need for inmate Manago to be placed on his inmate-enemy list and why.  Means stated and reported Manago is on your inmate enemy list."  (Am. Compl. ¶ 26.)   The inmate enemy list is on CDC Form 812.  Once an inmate enemy is on an inmate's CDC Form 812, those inmates are not to be housed together at any facility.   During the next four weeks, Plaintiff asked Means to place Manago's name  on Plaintiff's enemy list.  Each time Plaintiff asked, Means assured him it was done.  Plaintiff alleges that Means knew that if he did not do what Plaintiff requested, Plaintiff faced a risk of being injured by Manago.

Plaintiff alleges that On June 6, 2001, while both inmates were housed at CSP Sacramento, Manago attacked Plaintiff.  On August 6, 2001, CSP Sacramento Associate Warden Stiles informed Plaintiff for the first time in writing that Means never placed Manago's name on Plaintiff's inmate enemy list.   Plaintiff alleges that Means's failure to act caused Plaintiff to be assaulted, and that had Means placed Manago's name on Plaintiff's list, Manago would not have been sent to the facility where Plaintiff was housed.  (Am. Compl. ¶¶ 26, 27.)

///

3

**III.    Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [a]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson, 477 U.S. at 248; Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Matsushita, 475 U.S. at 588; County of Tuolumne v. Sonora Community Hosp., 263 F.3d 1148, 1154 (9th Cir. 2001).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). Thus, the

"purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**IV.   Defendant's Undisputed Facts**

1. Defendant Means, at all times relevant to this lawsuit, was a Correctional Counselor employed by CDCR. (Second Amended Complaint (Compl.) ¶6.)
2. Plaintiff claims that on June 6, 2001, inmate Manago attacked Plaintiff. (Id. at ¶ 27.)
3. Plaintiff received a Rules Violation Report (RVR), log number A-01-07-005, on July 3, 2001, for "Providing False Information Resulting in a Disruption of Facility Operations" on June 6, 2001. (Devencenzi Decl., Ex. A (Plaintiff's July 3, 2001 RVR) at 1.)
4. At the disciplinary hearing, Plaintiff was found guilty of "Providing False Information Resulting in a Disruption of Facility Operations," in violation of California Code of

Regulations § 3005(a) because he had fabricated the attack by an inmate on June 6, 2001. (Id. at 2 and 4.)

5. Plaintiff's guilty finding was based partly on an investigation conducted that determined that Plaintiff "contrived and orchestrated an incident in an attempt to extort money from the CDC." (Id. at 4.)

6. Plaintiff's guilty finding was based partly on findings of the investigation that Plaintiff inflicted his own wounds by cutting himself with a razor blade. (Id. at 2 and 4.)

7. As a result of the RVR, Plaintiff lost thirty days of credit, which increased his earliest possible release date from April 27, 2016 to May 12, 2016. (Devencenzi Decl., Ex. B (Plaintiff's Chronological History) at 3.

## V. **Heck Preclusion**

Plaintiff alleges that in 1998, while housed at CSP Corcoran, he told Defendant Means to put inmate Manago's name on his enemies list. Means told Plaintiff that he did so. On May 4, 1999, Plaintiff was transferred to CSP Sacramento. (Deft.'s Ex. B, p. 6.) Plaintiff alleges that on June 6, 2001, while housed at CSP Sacramento, he was attacked by inmate Manago. Plaintiff alleges that it was not until after the attack, in August of 2001, that he discovered that inmate Manago was in fact not on his enemies list. However, Defendant has come forward with evidence that the alleged attack of June 6, 2001, was fabricated. Moreover, Plaintiff was ultimately found guilty of fabricating said attack in a subsequent prison disciplinary hearing.

Defendant argues that Plaintiff's claim is now barred under Heck v. Humphrey, because a finding in Plaintiff's favor in this case would necessarily imply the invalidity of his prison disciplinary conviction. Defendant's Exhibit A to the declaration of defense counsel J. Devencenzi is a copy of a CDC Form 115, Rules Violation Report, dated July 3, 2001. This evidence establishes that Plaintiff was charged with a violation of California Code of

6

Regulations, Title 15, Section 3005(a).[6] The hearing officer found that Plaintiff fabricated the June 6, 2001, attack in order to gain a transfer to the Protective Housing Unit at CSP Corcoran.

For purposes of Defendant's motion for summary judgment, Exhibit A establishes the following.

> A joint investigation into this incident involving the Investigative Services Unit and A-Facility staff was concluded on 7/13/01. The investigation revealed that FUNTANILLA pre-planned and orchestrated the event in an attempt to extort money from the Department of Corrections. Numerous inmate interviews took place, most of these interviews at the request of the inmate participants. The investigation provided sufficient information, corroborated by numerous sources, that FUNTANILLA had pre-planned the incident that took place on 6/06/01, and that FUNTANILLA had self inflicted the injuries.

Defendant argues that Plaintiff's claim is barred on the ground that a judgment in Plaintiff's favor would invalidate his prison disciplinary conviction. In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of a plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's

---

[6] This section provides as follows: " Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or other person.

confinement, it is properly brought as a habeas corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, Defendant  argues that Plaintiff's claim that Means failed to protect him in 1998 is barred because any such finding would directly contradict the prison disciplinary finding that Plaintiff had fabricated the June 6, 2001, attack.  Defendant argues that under Cunningham v. Gates, 312 F.3d 1148 (9th Cir. 2002), Plaintiff's account of the events - that Defendant failed to protect him from an attack by inmate Manago - necessarily fails because it is inconsistent with the findings at his disciplinary hearing.

In Cunningham, two robbers exchanged gunfire with police officers surrounding their getaway car.  The exchange resulted in the death of one robber and an attempted murder and felony-murder conviction for the other. Id. at 1152.  Following his conviction, the surviving robber attempted to bring an excessive force claim against the officers. Id.  He argued that the police fired first and that the officers' use of excessive force created a situation that provoked him into firing his weapon. Id. at 1154.   The Ninth Circuit held that both theories were barred under Heck because they disputed factual issues that had been resolved in the criminal action against him.  The theory that the police fired first was "squarely barred" because the plaintiff's felony murder conviction required the jury to find that he had intentionally provoked the deadly police response, and did not act in self-defense. Id. at 1152.  Here, Defendant argues that if Plaintiff's allegations are true, they would impermissibly negate the disciplinary findings that Plaintiff fabricated the entire incident, including cutting himself with a razor blade, for the purpose of extorting money from the CDCR.

In Smithart v. Towery, 79 F.3d 951 (9th Cir. 1996), the Ninth Circuit held that Heck does not bar claims which, if proven, would not invalidate a conviction. The Plaintiff in Smithart tried to use his truck to run over the sheriff and a state patrolman.  He later was convicted of assault. Id. at 952.  In his civil rights action, the plaintiff alleged that after he got out of the truck, the sheriff and patrolman used excessive force to arrest him.  Id.  The Ninth Circuit held that, based

on the facts in that case, the plaintiff's excessive force claim was not barred by Heck because a verdict in the plaintiff's favor would not invalidate the assault conviction. Id. at 952-53.

Defendant's motion therefore turns on whether the claim of failure to protect Plaintiff in 1998 is barred by a finding that Plaintiff fabricated the attack which allegedly took place on June 6, 2001. Here, Plaintiff alleges that in 1998, he advised Defendant of the danger posed by inmate Manago, and that Defendant told Plaintiff that "it was done." Plaintiff alleges that years later, he was assaulted by inmate Manago, and it was then that he discovered that inmate Manago was not on his enemies list. However, Defendant has submitted evidence that establishes that Plaintiff was not in fact assaulted by inmate Manago on June 6, 2001. To prevail on his failure to protect claim, Plaintiff must show that (1) the alleged deprivation must be, in objective terms, sufficiently serious; (2) Defendant Means must know of and disregard an excessive risk to inmate safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff's claim is that in 1998, he told Means that inmate Manago posed a threat to him, and that Means failed to put Manago on Plaintiff's enemies list, despite the fact that he told Plaintiff that he did so.

The Court concludes however, that Plaintiff may still prevail on his claim regarding Means's conduct in 1998 even accepting that Plaintiff was found to have fabricated the assault which is alleged to have occured on June 6, 2001. A judgment in Plaintiff's favor, finding that Defendant failed to put inmate Manago on Plaintiff's enemies list in 1998, would not necessarily invalidate his disciplinary conviction in 2001. Unlike Cunningham, the facts alleged in this lawsuit and the facts at issue in the disciplinary hearing did not arise out of the same instance of conduct. Plaintiff 's prison disciplinary process finding, that he fabricated the attack which allegedly occurred in 2001, does not "squarely bar" a claim that Means failed to put Manago on Plaintiff's enemies list back in 1998. Cunningham 312 F.3d at 1152.

Further, there are no allegations in the Amended complaint regarding the validity of the disciplinary hearing. In Marquez v. Gutierrez, 51 F.Supp.2d 1020 (E.D. Cal. 1999), a defendant in an excessive force case argued that a plaintiff prisoner should be prohibited from introducing

9

evidence at trial that would contradict the findings of a prison disciplinary hearing, citing Edwards. The district court denied defendant's motion, holding that the Heck/Balisok doctrine did not bar plaintiff's claim for excessive force, and that the prisoner was not precluded from introducing evidence that would contradict findings of a prison disciplinary hearing. Marquez, 51 F.Supp.2d at 1024-25. The court reasoned that "the matter at bar is distinguishable from Heck and Balisok because plaintiff here does not challenge the constitutionality of any relevant process . . . He premises his claim for damages upon asserted excessive force during the incident which preceded his administrative conviction. Id. at 1024. The court went on to conclude that "nothing about that claim challenges, directly or indirectly, the constitutionality of the disciplinary conviction." Id.   The Court finds that nothing in Plaintiff's failure to protect claim, challenges, directly or indirectly, the constitutionality of the disciplinary conviction. The fact that Plaintiff was convicted of fabricating the June 6, 2001 claim of assault, does not establish evidence that inmate Manago was not a threat to Plaintiff, or that Defendant Means's failure to put Manago's name on Plaintiff's enemies list in 1998 did not constitute deliberate indifference.

**VI.     Failure to Protect**

Although Plaintiff's allegations regarding Defendant's conduct in 1998 are not squarely barred by his conviction for fabrication of the assault in 2001, the Court does have an obligation to dismiss a claim if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's sole allegation regarding Defendant Means is that he told Defendant Means that inmate Manago needed to be placed on Plaintiff's inmate enemy list. Although Plaintiff alleges that he told Means why, he does not allege any specific facts, other than his own

statement to Means,  which indicate that inmate Manago posed an objectively serious threat to him. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer, 511 U.S. at 833.  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer , 511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.  "The official must both be aware of the facts from which the inference could  be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Federal Rule of Civil Procedure 8(a) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted).  To adequately state a claim against a defendant,

a plaintiff must set forth the legal and factual basis for his claim.  Here, there are no facts alleged that would indicate what objective harm Plaintiff might be subjected to if Manago was not placed on Plaintiff's enemies list.  Plaintiff alleges no facts from which Means could draw an inference that Plaintiff faced an excessive risk to his safety.  An allegation that Plaintiff told Means to put inmate Manago on Plaintiff's enemies list, of itself, does not indicate what objective danger Plaintiff faced.  The Court finds that Plaintiff's allegation that he told Means why he should be on the list is conclusory.  This issue turns on Means's awareness and deliberate indifference to a substantial risk to Plaintiff's safety.  There are no facts alleged from which Means could draw an inference that such harm existed.[7]

### VII.    Plaintiff's Opposition

In his opposition, Plaintiff argues that a disputed issue of fact exists regarding whether Manago attacked him on June 6, 2001.  However, Plaintiff's sole evidence of this is his allegation, in the second amended complaint, that inmate Manago attacked him on June 6, 2001. Plaintiff further argues that Defendant's exhibit regarding the June 6, 2001, assault fails to mention inmate Manago.  Whether inmate Manago is mentioned or not in the disciplinary hearing is immaterial.  Plaintiff's allegation indicates, at most, a disagreement with the finding, but fails to establish evidence that Plaintiff was indeed attacked by inmate Manago on June 6, 2001.  Further, Plaintiff fails to offer any evidence that inmate Manago posed an objectively serious risk to Plaintiff in 1998.  Specifically, Plaintiff fails to allege facts that establish a factual predicate from which Means could infer that Plaintiff faced a substantial risk to his safety.

### VIII.    Conclusion and Recommendation

Here, Plaintiff's claim is based on an alleged incident of failure to protect occurring back in 1998.  The disciplinary hearing which found Plaintiff guilty of fabricating involved an incident which did not occur until 2001.  As a result, the Court finds that this action is clearly  not barred

---

[7] As noted in the relevant procedural history, Plaintiff has twice amended the complaint.  Further leave to amend to cure the deficiency, noted in this order, is not warranted.

by Heck v.Humphrey.

However, notwithstanding that Plaintiff's claim is not barred by Heck, because Plaintiff has failed to allege facts sufficient to support his conclusory allegation that inmate Manago posed a substantial risk to his safety, this action must necessarily be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment on the ground that this action is barred by Heck v. Humphrey is denied.

2. This action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   **March 3, 2011**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

13