# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO C. FUNTANILLA, JR., | 1:02-cv-06001-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| v. | (Docs. 268, 270.) |
| DAVID TRISTAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. Pending before the Court is Plaintiff's motion for reconsideration of the March 3, 2011 findings and recommendations, and Plaintiff's motion for reconsideration of the March 30, 2011 order dismissing this action for failure to state a claim. (Docs. 268, 270.)

**I.   BACKGROUND**

On March 3, 2011, findings and recommendations were entered, recommending that Defendant Means' motion for summary judgment be denied, but that this action be dismissed for failure to state a claim upon which relief could be granted. (Doc. 263.) Plaintiff was granted twenty days in which to file objections to the findings and recommendations.

On March 30, 2011, the findings and recommendations were adopted, Defendant Means' motion for summary judgment was denied, and this action was dismissed for failure to state a claim. (Doc. 265.) Also on March 30, 2011, after the action was dismissed, Plaintiff's motion

for extension of time to file objections to the findings and recommendations was filed and entered on the docket. (Doc. 267.) The motion for extension of time was denied as moot. (Doc. 269.)

## II.   MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**Plaintiff's Motions**

Plaintiff seeks reconsideration of the dismissal of this action on the ground that the Court did not consider his opposition to Defendant Means' motion for summary judgment. Plaintiff requests thirty additional days to file objections so that he can submit evidence in opposition to Defendant's motion for summary judgment.

The Court does not grant extensions of time without a showing of good cause. Fed. R. Civ. P. 6(b). Here, Plaintiff seeks additional time to oppose a motion that was ultimately denied

by the Court. Plaintiff's complaint was dismissed because civil rights relief was not appropriate under 42 U.S.C. § 1983 pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 648 (1997). It would also be futile to allow Plaintiff an opportunity to file objections to the motion for summary judgment at this juncture. At best, Plaintiff might attempt to provide additional evidence, but the court would be unable to consider any such evidence. Factual assertions that which could have been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations. Wade v. Liles, 2007 WL 2481881, *2 (E.D.Cal. 2007); Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997). Therefore, Plaintiff has not shown good cause for the Court to grant him an extension of time to file objections. Nor has Plaintiff demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motions for reconsideration shall be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration, filed on April 7, 2011 and April 20, 2011, are DENIED.

IT IS SO ORDERED.

Dated:   March 19, 2012

CHIEF UNITED STATES DISTRICT JUDGE